## THE BANK OF MOBILE v. HALL.

1. When the decree of a chancellor ascertains and settles the rights of the parties in litigation, it is so far *final* as to sustain a writ of error, although the chancellor may refer the cause to a master to ascertain facts for an account. It will not vary the case that proceedings were afterwards had, and new parties made for a purpose not affecting the merits, but relating merely to the account to be taken.
2. A final decree which will bar the prosecution of a writ of error, after three years is the last decree made in the cause.

Error to the Chancery Court of Mobile.

Motion to dismiss the writ on the ground, that the decree is not final, but interlocutory merely.

Phillips, for plaintiff in error.
Campbell, *contra.*

ORMOND, J.—The bill was filed by the defendant in error against the plaintiff in error, and others.

The bill, in substance, alleges the purchase, by the complainant, of one S. Andrews, of several lots in the city of Mobile, at the price of $20,000, payable in four instalments, for which notes were executed. That the first note was paid ; about which time Andrews became insolvent, and absconded. That, at the time of the purchase, there was an incumbrance on the land for the sum of ten thousand two hundred dollars, secured by a deed of trust, which, although recorded, he was ignorant of. That the land was advertised to be sold under the deed of trust, and purchased in by complainant at $8,600, the amount due. That the Bank of Mobile became the proprietor of the second, and William R. Hallett of the third note, with notice of the complainant's equity.

The prayer of the bill is, that Hallett and the Bank be injoined from suing upon, or negotiating the notes, and for general relief. The bill was answered by the Bank and Hallett, and came on for hearing before the chancellor, on the bill, answers and documentary evidence, when his honor made a decree in writing ; in which, after an elaborate examination of the facts and law of the

case, he determined that the complainant had 'the paramount equity, and refers the cause to the master to state an account between the parties.

We are unable to distinguish this case from the case of Weatherford v. James, [2 Ala. 170.] It is there said that a decree "is final when it ascertains all the rights of the parties in litigation," although there may be a reference to the master to ascertain facts for an account between the parties. That those acts are ministerial in their character, and do not affect the decree.

Such is the fact in this case. The chancellor affirms that the complainant is entitled to the equity he seeks by his bill, and the entire object of the reference to the master was, to ascertain facts to enable the chancellor to apportion the loss among the defendants. It is true, the decree is not very formal, but in a court of chancery, substance is regarded, and not form. The intention of the chancellor cannot be mistaken. The fact that costs were not awarded, is not material : such is not usually the case, until the last decree made in the cause.

The principal difficulty we have felt, arises from the proceedings had subsequent to the decree of the chancellor.

Some time subsequent to the decree, the complainant filed his petition, alleging that one Campfield held the remaining note, and had sued him thereon in the United States court ; and praying leave to file a supplemental bill to make Campfield and another a party ; which was granted. This supplemental bill was answered by Campfield and others ; and other proceedings were had which need not be mentioned.

Although these proceedings, subsequent to the decree, and while it continued in force, were irregular, they cannot invalidate it, or render it inoperative. The object, indeed, of these proceedings was, to carry out the principles of the decree, by bringing before the court all those interested in the notes which were affected by the equity of the complainant.

It is important that litigation should end, at least in a court of chancery, as soon as the merits of a case are ascertained, and a point reached which decides the principle which must govern it.

Thus, in this case, if the opinion of the chancellor is erroneous, the delay, expense and trouble attending the ascertainment of the facts preparatory to an account, are unnecessary and profitless. The case of Kennedy's heirs v. Kennedy, [2 Ala. 471,] is, in

principle, like this.    There, as here, the chancellor merely decreed, that the complainant was entitled to the equity sought by his bill, referring the complicated matter of account to the master.    Yet this court did not hesitate to take jurisdiction of the case ; nor was the jurisdiction questioned by the able counsel concerned in it.

A decree of the court of chancery may be final in this sense, so as to sustain a writ of error, but whilst the cause remains on the docket for any purpose, the statute barring the prosecution of writs of error, after three years from the rendition of judgment, does not begin to run.    The final judgment there spoken of, is evidently the last judgment rendered, and which disposes of the entire case.

Motion denied.