ANSLEY & WIFE vs. ROBINSON & WIFE et als.

1. A decree is final which settles the rights of the parties, notwithstanding a reference is ordered; and such decree cannot be altered or amended, except in matter of form or clerical misprision, unless it be done by consent, or upon a re-hearing granted, or on bill of review, or bill in the nature of a bill of review.

2. Courts of equity in this State are courts of record, and decrees, like judgments at law, are considered matters of record, and deemed enrolled as of the term when rendered.

3. A decree cannot embrace matters not charged in the bill, although warranted by the proof, or the admissions of the defendant.

Error to the Chancery Court of Montgomery. Tried before the Hon. Jos. W. Lesesne, chancellor.

Seaborn Williams, for the plaintiffs in error.

T. & J. D. F. Williams, for defendants.

55

CHILTON, J.—This bill was filed by five out of six lega-
tees under the will of Jeremiah Smith deceased, to have a di-
vision of the estate of said deceased made among them, ac-
cording to the provisions of the will of said testator. The
will is exhibited with the bill, from which it appears that the
testator directed that all of his estate should be kept together
on the plantation on which he then lived, until his youngest
child, Burwell Smith, should arrive at the age of twenty-one
years, and then the same was to be equally divided among
all his children. It is avered that said Burwell has attained
his majority, and that the estate is in the hands of O. P. King,
one of the complainants, who is the present administrator
with the will annexed: It is further stated that all the said
children are desirous that partition should be made of the es-
tate. William Ansley and his wife Zerena, late Zerena
Smith, are made the sole defendants. The prayer of the bill
is, that partition be made of the lands and slaves of the estate,
and that the portions due the married daughters of said testa-
tor, Mrs. Ansley included, may be settled to their respective
sole and separate use and to such child or children as they
may leave at the time of their death, free from the debts, &c.
of their husbands, &c.

Ansley and wife answer and admit the allegations of the
bill and accept the relief thereby tendered. The late chancel-
lor (Crenshaw) granted the prayer of the bill, decreeing to
the daughters separate estates in the property which would
fall to their share upon a division, and appointing commission-
ers to make partition of the slaves and of the real estate, if as
to the latter it could be advantageously done, but if not, that
the commissioners report the fact, and what disposition should
be made of it, &c. The commissioners appointed to divide
the property made partition of the slaves, but reported that
the land could not be advantageously divided, and recommen-
ded its sale. No objection was made by any of the parties to
this report, but by consent it was agreed as there was a bill
pending in regard to the title to the land, that no action of the
court should be had with respect to that at that term

The decree of the present chancellor, after the coming in of
the commissioner's report, vests the slaves so severally allotted
to each of the children, in them, according to the previous de-

cree, except the shares allotted to Boling Smith and Mrs. Ansley. As to them, the decree recites " that it was stated and admitted that Boling Smith, one of the complainants, has acted as one of the executors of Jeremiah Smith, and that William Ansley has also acted as one of the executors of said estate, and that their accounts as such executors have not yet been settled, and it is insisted by the other legatees that on such accounting the said Boling Smith and William Ansley will be found largely indebted, and in arears with said estate, and they claim that the portions of said estate, to which said Boling Smith and William Ansley may be entitled, shall be held by the said O. P. King, the personal representative of the said estate, until the respective accounts of the said William Ansley and Boling Smith shall be settled up." Thereupon the chancellor decreed that the slaves so allotted to Boling Smith, one of the complainants, and to Mrs. Ansley, should be retained by King, the administrator with the will annexed, until such time as should be fixed upon by the future order of the court. From this decree Ansley and wife have sued out their writ of error.

We think it manifest from the statement of this case, that the last decree of the chancellor cannot be sustained so far as respects the interest of Mrs. Ansley in the estate of her deceased father. In the first place, the former decree settles upon Mrs. Ansley, as well as the other legatees, the shares to which they shall be entitled after the partition, for which the decree provides, shall have been made. This decree fixes the rights of the respective parties—by it, they are each entitled to an equal share, the married women to hold theirs to their sole and separate use for life, and after their death, their shares to vest in their children. The rights of the parties then being fixed and finally ascertained by the decree, it only remained to confirm the report of the commissioners appointed to make partition, to vest in the legatees respectively the property severally allotted them by the commissioners. This report was made, and the last decree informs us was satisfactory to all the parties—no objection whatever was made to it in the court below, and none is insisted on in this court. The former decree thus disposing of the rights of the parties and ordering partition according to the prayer both of the bill and answer

of Ansley and wife, and also disposing of the question of cost, was final, and could not be altered or reversed but by the consent of the parties, or by a petition for a re-hearing according to the rules of practice, or upon a bill of review, or a bill in the nature of a bill of review. The decree is not the less final because the chancellor refers matters of fact necessary to an account to the master.—Bank of Mobile v. Hall, 6 Ala. Rep. 141. It was held, if a decree settles the rights of the parties, it is final, although there be a reference to the master to compute damages.—Weatherford, et al. v. James, 2 Ala. Rep. 170. See Kennedy's heirs, v. Kennedy's adm'rs, ib. 573; McKinley v. Irvine, 13 Ala. Rep. 681–693. According to the English practice, so long as the decree remained in the shape of minutes, that is, till it had been passed and signed by the register, it could be rectified by the court by petition or motion, or application to vary the minutes, but after a decree has regularly been passed and entered, the court will not alter or amend it, except by consent of all the parties, unless in respect of matters of form, or mere clerical misprisions. The party desirous of effecting other alterations must do so by applying to have the cause re-heard (Daniel's Ch. Pr. 1222–3,) or by bill of review, or bill in the nature of a bill of review, according as the decree has or has not been signed and enrolled, and as it is sought to have the cause re-tried as it was originally heard or accompanied with new matter.

With us, courts of equity are courts of record, and decrees like judgments at law, are considered matter of record, and deemed as enrolled as of the term of the court at which they were rendered (Story's Eq. Pl. § 403,) and this whether actually enrolled or not.

Whether the decree in the present case made by the chancellor at the February term 1846, could have been so modified or altered as to withhold from Mrs. Ansley the portion of the estate, to which under the will she was entitled, and which the decree vested in her for life, remainder to her children, had the party resorted to any of the modes recognized by the rules of practice for re-examining decrees, is not a question which it is necessary in the present aspect of the case to decide. Neither is it necessary to determine whether the portion so decreed could in any event be reached by the legatees

and held as indemnity by the administrator *de bonis non* with the will annexed against any supposed loss which they may be in danger of sustaining by reason of the indebtedness of William Ansley, or of his default as one of the executors of the estate. It is sufficient that none of the modes pointed out by law for altering the former final decree has been adopted; and for that reason, if for none other, the last decree ordering the administrator to retain the share of the slaves allotted by the commissioners to Mrs. Ansley is irregular.

But if the views above expressed were not correct, there is another, which it seems to me, puts the matter beyond doubt. We have said that the bill filed by all the legatees but one prayed for the very relief which the chancellor in the first decree awarded. This relief the sole remaining legatee also accepted by her and her husband's answer. There is not the first intimation given by the bill, or answer, or any other proceeding had in the cause, save the decree, that Ansley is debtor to the estate, or made default in delivering over to the present administrator all assets of the estate which came to his hands. The language of the bill is, "that they (the executors) took possession of the estate and managed the same for some time, and were afterwards removed by the Orphans' Court, and others appointed, to wit, R. K. Harrison, who acted as executor for some time; he resigned, when administration was finally granted to O. P. King, one of your orators, who is now the sole acting executor with the will annexed, *and has now the said estate in his hands.*" Such being the case, it matters not what admissions the parties might have made before the chancellor, as the effect of such admissions would only be to dispense with proof of the facts admitted, and could not warrant a decree not justified by the pleadings. It is well settled that a decree cannot embrace matters not charged in the bill, although it may be fully warranted by the proof.— Bozman, et al. v. Draughan, adm'r, 3 Stew. Rep. 243. Proof, without the proper averments in the bill, is as impotent to afford relief, as averments without proof when denied by the answer; and the rule is the same both at law and in equity, that the *allegata et probata* must correspond. In Clemens v. Kellogg, 1 Ala. Rep. 330, it was held, that no matter how just the demand which the complainant might make out by proof,

if it fails to harmonize with the allegations of his bill, he cannot recover.—See Morgan, ex'r, v. Crabb, 3 Porter's Rep. 470; Goodwin v. Lyon, 4 ib. 297; Duren v. Walker & Parsons, 5 ib. 345; Gibson, et al. v. Carson, 3 Ala. Rep. 421; McKinley v. Irvine, 13 ib. 681–686; Story's Eq. Pl. § 263-4, 254; 3 Lit. Rep. 339; 10 Wheat. Rep. 189; 10 Peters Rep. 178; Gres. Eq. Ev. 171.  It results from what we have said that the admission of indebtedness on the part of Ansley is wholly without the cause, and any action of the chancellor as predicated upon it in withholding the share of Mrs. Ansley, so far from being sustained by the bill, is directly opposed to its prayer, and is therefore clearly erroneous.

The decree of the chancellor as it respects the portion of the property allotted by the commissioners to Mrs. Ansley must therefore be reversed; but as to all other matters, the same is affirmed, and this court proceeding to render such decree as the said Chancery Court should have rendered, does order and decree that the report of John Wood, Dent Lamar and Isaac C. Morgan, the commissioners appointed by said Chancery Court to make partition of said slaves and real estate belonging to the estate of Jeremiah Smith deceased, made to said Chancery Court, dated the 25th November 1846, be, and the same is hereby confirmed; and it is further ordered and decreed, that the negro slaves Ellick, Hannah, Cuffe, Jackson, Edmund, Agga and Grace, valued by said commissioners at the sum of twenty-seven hundred and seventy-five dollars, be, and the same are hereby vested in the said Zerena Ansley, wife of William Ansley, to her sole and separate use, for and during the term of her natural life, and after her death to her children, share and share alike, in no wise subject or liable to the debts, contracts or forfeitures of the said William Ansley, her husband.  It is further decreed that the said Zerena Ansley pay into the hands of O. P. King, the administrator, for the use of Boling Smith, that the share allotted him may be equal to the share of said Zerena, the sum of fifty-eight dollars and thirty-three cents, and also that she refund to the said O. P. King, administrator as aforesaid, the sum of eight dollars and thirty-three cents, being the amount ordered to be paid by him by the previous decree, to the guardian of Thomas McD. King, thus equalizing the several shares of the

respective legatees as reported by the commissioners who made the partition. As, however, it does not appear that the husband of Mrs. Ansley is a proper person to receive the appointment of trustee to take charge of the said portion, the cause will be remanded to the Chancery Court, that upon the petition of the defendants, a trustee may be appointed to take charge of the estate in trust for Mrs. Ansley, according to the foregoing decree. In respect to the real estate, the cause will stand over for further directions as regards its sale.

Let the defendants in error pay the costs of this court.