## BRADFORD vs. BRADLEY'S ADM'RS.

[BILL IN EQUITY FOR REFORMATION OF ABSOLUTE DEED AS MORTGAGE,
REDEMPTION, ACCOUNT, &C.]

1. *What is final decree.*—A decree in chancery, which settles all the equities between the parties, leaving only the matters of account to be adjusted on a reference before the master, is such a final decree as will support an appeal.
2. *Limitation of appeal.*—Where an appeal is sued out in a chancery cause more than two years after the rendition of the decree which settled all the equities between the parties, and all the assignments of error relate to matters embraced in that decree, the appeal will be dismissed, on motion, because barred by the statute of limitations.

APPEAL from the Chancery Court at Claiborne.
Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed, on the 8th January, 1856, by Nancy Bradford, against Ely Bradley; and sought, principally, the recovery of certain slaves, with an account of their hires while in the defendant's possession.   The complainant had a life-interest in the slaves in controversy, under the will of her deceased father, who died in Conecuh county in 1842 ; and she alleged in her bill, that the defendant had had the possession and control of them, as her agent and trustee, since 1843, hiring them out, collecting the hires, &c.   The complainant had · executed to the defendant, in 1843, conveyances for two of the slaves, which were absolute on their face, but which she insisted were intended only as mortgages, to secure and reimburse him for moneys which he had paid for her ; and as to these two slaves she prayed a redemption and account.   In 1852, an inquisition of lunacy was sued out against the complainant, before the probate court of Conecuh county ; and she was thereupon declared *non compos mentis*, and the defendant was appointed her guardian.   The bill alleged, that these proceedings were void, because they were had without notice to her ; and further, that the defendant had never

rendered any account to said probate court of his guardianship. The bill prayed, that these proceedings might be declared void, and that the defendant might be compelled to account for all the property which he had received under his appointment as guardian ; and it also contained the general prayer, for other and further relief.

The defendant answered the bill, but not under oath, as a sworn answer was waived. He denied that he had ever acted as complainant's agent, though he had sometimes assisted her as a friend, and had never hired out her slaves for her, nor received their hires. As to the two slaves for which the complainant had executed conveyances to him, he insisted that the deeds were intended to be absolute, as they purported to be, and that he paid full value for the complainant's interest in the slaves. He alleged that the proceedings had under the inquisition of lunacy, and his own appointment as guardian of the complainant, were regular and valid ; admitted that he had never made a settlement of his guardianship with said probate court, but averred his readiness to do so when required ; demurred to the bill, for want of equity, because the complainant had a complete and adequate remedy at law, and because her claim was barred by lapse of time, and by the statute of limitations ; and set up the statute of limitations by way of plea.

At the December term, 1856, the cause was submitted for decree, on bill, answer, and testimony. The chancellor (Hon. WADE KEYES) overruled the demurrers, and held that the complainant was entitled to relief as to all the slaves except one. He therefore rendered a decree, requiring the defendant to deliver the slaves to her within thirty days, and directing the register to state an account, charging the defendant with the reasonable hire of the slaves from the time they went into his possession, and allowing him credits for all moneys which he had paid to or for the complainant. The master reported to the June term, 1857 ; but his report was set aside, " on affidavit of the defendant." He again reported to the December term,

1857, showing a balance against the defendant of over $2,300; to which report both parties filed exceptions. At the same term, on motion of the defendant, the former decree (December, 1856) was so modified as to direct the master, in stating the account, not to charge the defendant with any item which accrued more than six years before the filing of the bill. At the July term, 1858, the defendant's death was suggested, and the suit was revived against his administrators; and the master's modified report, which showed a balance of $1423.27 against the defendant, was ordered to lie over until the next term. At the December term, 1858, the defendants' exceptions to the report were overruled, and the report confirmed; and at the February term, 1860, a final decree was rendered in the cause, requiring the defendants, as administrators, to pay to the complainant, within ten days, "the sum of $1613, being the amount heretofore reported as due her on the 21st June, 1858, with interest thereon to the present time."

The appeal was sued out on the 29th February, 1860. The errors assigned are—1st, the decree of December, 1856, so far as it refused to grant relief as to one of the slaves in controversy; 2d, the modification of that decree at the December term, 1857; 3d, the decree of February, 1860, in not charging the defendant with the amount reported to be due from him before the master's report was modified; and, 4th, the overruling of the complainant's exceptions to the master's report at the December term, 1857. The appellees submitted a motion to dismiss the appeal, on the ground that it was barred by the statute of limitations.

WATTS, JUDGE & JACKSON, for the motion.
O. S. JEWETT, contra.

STONE, J.—In the case of *Garner v. Prewitt,* (32 Ala. 13–18,) we considered our former decisions, and announced as the result of them, "that if all the equities between the parties are settled [by the decree], and there remains only a reference to be had for the ascertainment of the amount,

the decree is final." That decision has become a rule of practice, and we do not feel inclined to question or re-examine the grounds on which it rests. In fact, we could not depart from it, without overturning the whole body of our decisions on that question.

In the decree of the December term, 1856, and of the December term, 1857, all the equities between these parties were fully settled, leaving open only the matter of the account. The decree of the December term, 1857, went to the extent of fixing the date, beyond which the account should not be carried. Nothing remained unsettled, except the value of the hires of the negroes, and the amount of payments and credits to which Mr. Bradley was entitled. These matters related to the account exclusively.

The report of the register, made pursuant to the decree of December, 1857, was confirmed without exception. The first three assignments of error question the correct rulings of the chancellor, in the two decrees of December, 1856, and December, 1857. These were barred by the statute of limitations of two years, which had elapsed before the present appeal was taken. The fourth assignment of error relates to the register's report made under the first decree, and which was superseded by the corrected decree of December term, 1857. That report was never acted upon, nor confirmed; and the items in it which were excepted to, were not carried forward into the corrected report, which was afterwards confirmed.

The appellee's motion to dismiss the appeal, because it is barred by the statute of limitations, must be sustained.

Appeal dismissed, at costs of appellant.