# Bond, Administrator, *v.* Marx.

### *Petition for Allotment of Exemptions.*

*Appeal; what not such final decree as will support.*—A decree of the probate court, rendered on petition of the widow to be allowed the exemption given by section 2884 of the Revised Code, and one-third of moneys received by the administrator from rents of decedent's real estate, which determines the right to the exemption but continues the claim for rents, is not such a final decree as will support an appeal.

APPEAL from Probate Court of Mobile.

The point decided is sufficiently stated in the opinion.

BOND and HERNDON & SMITH, for appellant.

BOYLES & OVERALL, *contra.*

BRICKELL, C. J.—The appellee filed her petition in the court of probate, praying that appellant as administrator of her deceased husband, be decreed to pay her one thousand dollars, less the value of specific articles of personal property she had retained from moneys in his hands, as exempt to her under § 2884 of the Revised Code; and also one-third of the rents of real estate received by him as such administrator. The court on a hearing decreed to appellee $893.75, which added to the value of the specific property she had retained, made one thousand dollars, and continued the petition as to the claim for rents. We are constrained to dismiss the appeal. The order or decree is not final, and it is only from a final order, judgment or decree, that an appeal will lie. Decrees in equity and the decrees or orders rendered by a court of probate, bear a strong analogy. A decree in equity, not ascertaining and defining all the equities of the parties, though a portion of them may be, will not support an appeal. *Garner* v. *Prewitt*, 32 Ala. 13; *Brad-*

12

[Otis *v.* Dargan.]

*ford* v. *Bradley*, 37 Ala. 453; *Bank of Mobile* v. *Hall*, 6 Ala. 141. This decree or order does not determine the rights of the parties, so far as the claim for rents is involved. That is yet undetermined, and the petition cannot finally be disposed of, until it is determined. If this appeal was sustained one part of the case would be in this court, and another part in the court of probate. When a judgment should have been rendered here, that part of the case remaining in the court of probate may have progressed to a point when one party or the other would prosecute another appeal. The case is an entirety, commenced as such, and must be determined as such, before an appeal can be supported. The decree which may be rendered, or which has been rendered, in this case, is not one of the class of decrees from which the Code specially authorizes an appeal. An appeal from it is authorized by the general statute, that from any final judgment or decree of the chancery, circuit or probate court, an appeal lies. R. C. § 3485. We must not be understood as approving the decree rendered, or as intimating an opinion that the appellee is entitled to the relief sought by her petition.

The appeal is dismissed.