# Jones *et als. v.* Wilson.

### *Motion to dismiss Appeal.*

1. *Decree; what will support appeal.*—When a decree is final upon the merits—adjudging the equities and settling the rights of the parties—an appeal will lie under our statutes. If the decree possesses these properties, it is immaterial, so far as effects the right of appeal, that the cause is still in progress, awaiting further proceedings necessary to entitle the successful party to the possession and enjoyment of the rights adjudged to him.

2. *Same; revision of when barred.*—Where a decree final upon the merits is rendered, and more than two years elapse before the matters referred to the register are settled, an appeal taken from a decree rendered on them would not open for revision the decree on the merits. The statute of limitations would bar its revision.

3. *Same; what final.*—Where on bill filed to set aside a sale under a deed of trust, and to be let into possession of lands, &c., the whole point of controversy between the parties was, whether complainant or defendants had the paramount title to land, and the defendant's title depended wholly on a sale under a deed of trust, and a demurrer to the bill is overruled, and a decree rendered that the bill contained equity; that a sale under which defendants claimed was void—this settles the merits against the defendants, and is such a

[Jones et als. v. Wilson.]

final decree as will support an appeal, although a reference was also ordered, to ascertain the rents and profits, accruing during the defendant's possession, and the value of the improvements made by them, and what was the existing indebtedness secured by the deed of trust, and one of the defendants decreed to pay the costs, which had accrued, for which execution was directed to issue, and the decree concludes : "All points and questions not herein expressly decided, are reserved to the final decree."

4. *Interlocutory decree; practice as to.*—It is much the better practice in chancery, simply to announce, in an interlocutory decree, the opinion formed of the rights of the parties and the decree the court would finally pronounce, but withholding a final degree granting relief, until the reference, if any were necessary, could be had ; and then adjudicating in one final decree, every matter which should be disputed, and rendering the whole revisable on appeal, if either party should feel aggrieved.

APPEAL from the Chancery Court of Sumter.

Heard before Hon. A. W. DILLARD.

This was a motion to dismiss an appeal, under circumstances fully set forth in the opinion.

SNEDECOR & COCKRELL, for the motion.

SMITH & COBBS, and WETMORE, *contra*.

BRICKELL, C. J.—The appeal as now prosecuted proposes to reverse only the decree of the chancellor overruling the demurrer to the original bill, though as we shall endeavor to show a final decree has been rendered on the pleadings and proof, not only overruling the demurrer, but adjudging the equities against the appellants. The counsel for the appellants, very properly conceded, on the argument of the motion to dismiss, that it must prevail, if the decree rendered was final.

The test of the finality of a decree, so as to support an appeal, which our decisions have prescribed, is, not whether the cause is still in progress in the court of chancery, awaiting further proceedings, which may be necessary to entitle the parties to the full possession and enjoyment of the rights it has been declared they have; but whether a decree has been rendered settling these rights. If these are settled by the decree, though a reference to the register may be necessary, and may be ordered, to ascertain the amount due from one to the other, on the basis of the rights as adjudged, the decree is final, and will support an appeal. In *Bradford v. Bradley*, 37 Ala. 453, a bill had been filed by *cestui que trust* against the trustee, for the recovery of slaves, the trust property, and an account of hires. The trust was denied, and a hearing was had on the pleadings and evidence, and a decree rendered that the complainant was entitled to recover all the slaves but one, and the defendant was ordered to deliver them to her in thirty days, and a reference to the

register was ordered to state an account of hires, and of the payments the defendant had made the complainant. The decree was held final, settling the equities leaving open only the matter of account. In *Ansley v. Robinson,* 16 Ala. 793, a bill was filed for a partition of slaves and real estate. A decree was rendered ordering the partition, and directing that the slaves of the female tenants should be held by them respectively, as a separate estate. The commissioners made report of the partition of the slaves, and that a sale of the lands was necessary to effect partition of them. Without confirmation of, or setting aside the report, at a subsequent term, it appearing that two of the husbands of the female tenants were indebted as executors to the estate of the testator, under whose will the property was claimed, it was decreed the co-executor should retain the slaves allotted to their wives, until such indebtedness was satisfied. This last decree was declared erroneous, as an alteration of the previous decree made at a former time, which was final and incapable of alteration at a subsequent term. In *Bank of Mobile v. Hall,* 6 Ala. 141, it is said, a decree is final when it ascertains all the rights of the parties in litigation, although there may be a reference to master to ascertain facts for an account between the parties. The bill was filed to enjoin the collection of promissory notes given for the purchase money of lands, and to set off against them the amount paid by the maker in extinguishment of an outstanding incumbrance, his vendor ought to have removed. A decree was rendered in favor of the complainant, declaring he had the paramount equity over the indorsees of the notes, and a reference to the masters to state an account was ordered. The court say: "The chancellor affirms that the complainant is entitled to the equity he seeks by his bill, and the entire object of the reference to the master, was to ascertain facts to enable the chancellor to apportion the loss among the defendants. It is true, the decree is not very formal, but in a court of chancery, substance is regarded, and not form. The intention of the chancellor cannot be mistaken." The case of *Garrard v. Webb,* 4 Port. 73, had declared a decree not final so as to support a writ of error, when it disposed of the main principle of the bill, but directed an enquiry into the value of the rents and profits during the possession of the defendants, and report to a subsequent term, because there was something left for the action of the court of chancery. The case has never been directly overruled, but the subsequent cases to which we have referred, are in conflict with it. So, also, are the cases of *Weatherford v. Gaines,* 2 Ala. 172, and *Kennedy v. Kennedy,* ib. 571. No case in this court was ever more deliberately and thoroughly considered than the latter case, because of

the magnitude of the interests involved, and the difficulty, and at that time, the novelty in our courts, of some of the questions presented. The bill was filed to establish trusts in opposition to the terms of an absolute conveyance of real estate, and to compel from the grantee, who was executor of the will of the grantor, an account of his administration. The chancellor decreed the complainants were entitled to the relief sought, referring to the register the matters of account, which were of course very complicated. A writ of error from the decree was supported, the jurisdiction of this court, not being questioned by the able counsel. In the former case of *Weatherford v. Gaines*, the object of the bill was to enforce specific performance of a contract relating to lands. The right of the complainant, and that the contract was of the character of which specific performance could be decreed, was established, but a reference was necessary and was ordered to ascertain the extent of the relief to which the complainant was entitled. The decree was declared final supporting a writ of error, on which it was reversed. The case of *Garner v. Prewitt*, 32 Ala. 13, was a bill for a settlement of a partnership. The matter of account—the partnership not being controverted—constituted its equity. All the items of account were settled but two, as to which a reference was ordered to the register to ascertain their amount. These items were for expenditures claimed to have been made by the managing partner, and which he claimed should be credited to him, and charged against the partnership. Whether they should be so credited and charged, when their amounts was ascertained, was not determined. The decree was held not final, because the cause had again to be set down for hearing on these items.

The statute, (except in a few particular cases), limits an appeal to a final judgment or decree.—R. C. § 3485. Under such statutes, the words "final judgment or decree," are not taken in their strict, technical signification, as importing a decree that conclusively and finally determines all the matters in controversy, and disposes entirely of the cause.—2 Dan. Ch. Pr., note 3, 996. When the decree is final upon merits, and ulterior proceedings are contemplated, and necessary only as a mode of executing it, an appeal will lie from it. A decree of foreclosure and sale of mortgaged premises, is a final decree supporting an appeal, and the party against whom it is rendered need not await the sale, its report, and confirmation. For of the possession of the premises he may be deprived, or if not, and the sale should be made to a stranger to the proceedings, the reversal of the decree would not divert the title of the purchaser, and thus irreparable in-

jury ensue.—*Hoard v. Hoard*, 41 Ala. 601 (opinion of WALKER, C. J.); *Whiting v. Bank of U. S.*, 13 Pet. 15; *Forgay v. Conrad*, 6 How. 201; *Burson v. Railroad Company*, 2 Black, 524.

The theory of the complainant's bill is, that their mother, during her life, held the lots of land in controversy in trust for her own and their use; that on her death the trust terminated and they became entitled to the possession and enjoyment of the premises. The prayer is, that the trust be established, and the complainants let into possession of the premises—the rights of their father, George Wilson, if any he had, determined and adjusted, and an account of rents and profits, and for general relief. The cause was heard on pleadings and proofs. The chancellor rendered a decree, declaring the bill contained equity. Next, that a deed of trust made by the father and mother of complainants, no reference to which is made in the bill and which is introduced only in the answers, was invalid as a security for future advances—and that as a conveyance by the mother (though its validity was not put in issue by any allegations in the pleading,) was void as to her, because executed under duress. A demurrer to the bill is overruled. A reference is ordered to a special master to ascertain how much was the existing indebtedness the deed of trust was intended to secure, and how much of it, if any, is unpaid. The sale which had been made under the deed of trust, and under which the respondents deduced title, is declared null and void. A reference was also ordered to ascertain the rents and profits during the time the respondents had occupied the premises, and the value of the improvements which had been made on them, with the amounts paid for taxes. The tenants in possession were ordered to pay into court all rents due and unpaid, or to become due; and one of the respondents was decreed to pay the costs which had accrued, for which execution was directed to issue. The decree concludes: "All points and questions not herein expressly decided, are reserved to the final decree." It may be said of this decree, as was said of the decree in *Bank of Mobile v. Hall, supra*, it "is not very formal, but in a court of chancery, substance is regarded, and not form. The intention of the chancellor can not be mistaken." The whole point of controversy between the parties, was, whether the complainants, or the defendants, had paramount title to the premises. The title of the defendants depended wholly on the sale under the trust deed. When, therefore, it was decreed the bill contained equity, and that the sale under the trust deed was void, the merits of the case were adjudged against the defendants. Whatever ulte-

rior proceedings could be had, were only necessary to a just execution of the decree. The equities thus determined, the chancellor was without power to alter at any subsequent term.—*Ansley v. Robinson, supra.* The reservation of all points and questions not expressly decided until the final decree, does not vary the character of the decree. It may import that the chancellor did not regard any other as a final decree than that which would entirely dispose of all the matters as to which a reference had been ordered. His error in this respect can not alter the fact, that the subject of litigation has been disposed of, leaving only that which is mere. incident for future consideration. The reservation of questions not decided expressly, would have been implied, if he had not so declared. When he adjudged the bill had equity and the sale under which the respondents claimed title and possession was null and void, the subject matter of controversy was determined. Further orders, such as an account of rents and profits, may have been necessary to carry the decree into full effect, but they were merely incidental to the right adjudged to the complainants.

It was very forcibly said by Chief Justice TANEY, in *Forgay v. Conrad, supra,* that as an appeal from an interlocutory decree, in the practice of the courts of chancery of the United States, differing in this respect from the English court of chancery, was not allowed, it was better for the court simply to announce in an interlocutory decree, the opinion formed as to the rights of the parties, and the decree it would finally pronounce, but withholding a final decree, granting relief until the reference, if any were necessary, could be had; thus adjudicating in one final decree, every matter which should be disputed, and rendering the whole revisable on one appeal, if either party should feel himself aggrieved. The cause would be thereby kept under the control of the court, and there would be but one decree, giving the parties the full and entire benefit of the judgment of the court.

We are constrained to treat the decree as final, adjudging the equities, so as to be incapable of change by the chancellor in the further progress of the cause. If two years should elapse before the matters of account referred to the register are finally settled, as in *Bradford v. Bradley, supra,* an appeal taken from the decree rendered on them, would not open for revision the matter of the present decree. The statute of limitations could be invoked to bar its revision. It follows the motion to dismiss must prevail. The appellants will be allowed, however, to amend their appeal so as to prosecute it from the entire decree, and a *certiorari* will be awarded them to bring up a full and complete transcript of the record.

On their entering into bond in the penalty of one thousand dollars, payable, and with condition as required by law, with two good and sufficient sureties, approved by the register of the court of chancery, the execution of the decree will be superceded.