# Waldrop *v.* Carnes.

*Bill in Equity for Settlement of Guardianship.*

1. *Appeal; when does not lie.*—When more than two years elapse after the rendition of a decree settling the equities of the parties, appeal subsequently taken will not bring up for revision matter passed on in such decree, but only such proceedings as are had in the cause, after such decree.

2. *Errors; what cannot be corrected in appellate court.*—Errors, in taking an account, or confirming a report, cannot be corrected here, unless first brought to the notice of the Chancellor by objection or exception; and where exceptions well taken to an account and report are withdrawn, it is an admission of their correctness, and precludes the raising of that question on appeal.

APPEAL from Jefferson Chancery Court.

Heard before Hon. CHARLES TURNER.

The opinion states the facts.

HEWITT & WALKER, for appellant.

WATTS & SONS, *contra.*—1. The only error which can be noticed by this court, is the one as to the decree rendered on the 17th November, 1874. The decree of the 20th May, 1874, is barred by the statute, more than two years having elapsed before the appeal was taken. The decree of 20th

[Waldrop v. Carnes.]

May settled all the equities of the case, and an appeal could have been taken from it at any time within two years after its rendition, but never was taken.

2. The decree rendered 17th November, 1874, is merely a confirmation of the report of the Register, and a recovery consequent thereon.

The exceptions to the report were withdrawn in open court; and thus nothing was left for the Chancellor to do, except to render the decree.

MANNING, J.—The appeal in this case is specially from the decree rendered on the 17th of November, 1874, and was taken on the 16th day of November, 1876, just before the two years within which an appeal is allowed, had expired. The decree was one which confirmed the report of the Register stating an account, after appellant's exceptions thereto were withdrawn, and ordered the amount ascertained thereby to be due, to be paid by appellant to his late ward, appellee.

The equities between the parties were settled by the prior decree of May 20th, 1874, more than two years before the appeal was sued out, and this was the final decree from which the appeal should have been taken, if any thing then or previously decided, was intended to be brought before this court for its review and judgment.—*Bank of Mobile v. Hall*, 6 Ala. 141; *Jones v. Wilson*, 54 Ala. 50. Any error, therefore, which this court could now correct must be shown to have been committed since the decree of May 20, 1874.

This could have happened only in the taking and stating of the account ordered by that decree, or in the confirmation of it; and such an error, if there was any, could not be presented here, without having first been brought by exceptions to the Chancellor's notice, and his ruling obtained thereupon. By the withdrawal of the exceptions that were filed by appellant to the account and report of the Register, as master, their correctness was admitted. It follows that the decree appealed from must be affirmed.