# Randle, Adm'r, *v.* Boyd.

### *Bill in Equity to enforce Vendor's Lien.*

1. *When decree not final.*—To a bill filed to enforce a vendor's lien on land for unpaid purchase-money purchasers at a tax sale, made after the complainant's lien had accrued, who were in adverse possession, claiming title under their tax deed, having been made parties defendant, they demurred on the ground that they were improperly joined as defendants, and that the court had no jurisdiction to litigate and determine the validity of their title, and their demurrer having been sustained, and the bill dismissed as to them, a decree was rendered at a subsequent term granting the relief prayed against the other defendants, and from this decree the complainant appealed. *Held*, that the decree sustaining the demurrer interposed by the purchasers at the tax sale, and dismissing the bill as to them was interlocutory and not final, and that errors could be assigned thereon, although more than one year had elapsed after it was entered before the appeal was taken.

2. *Bill to enforce vendor's lien; when adverse claimants can not be made parties.*—In suits to enforce liens of vendors for unpaid purchase-money, as in suits to foreclose mortgages, the general rule is, that adverse claimants can not be made parties for the purpose of litigating their title in a court of equity.

3. *Same; when adverse claimants proper parties.*—But this rule is confined to such adverse claims of title as were derived from the vendor or vendee anterior to the purchase, or from a stranger either prior or subsequent thereto.

4. *Same; when purchaser at tax sale may be made party defendant.*—To a bill filed to enforce a vendor's lien on land for unpaid purchase-money, a purchaser of the land at a tax sale, made after the accrual of the complainant's lien, may be properly joined as a party defendant.

5. *Bill in equity; rule as to joinder of defendants having separate interests.*—Where the object of a bill in equity is single, it is no objection that the different defendants have separate interests in distinct and independent questions, provided they are all connected with and arise out of the single object of the bill.

APPEAL from Macon Chancery Court.

Heard before Hon. N. S. GRAHAM.

This cause was before this court at a former term, and is reported under the title of *Jones v. Randle.* See 68 Ala. 258. After the cause was remanded an amendment to the bill was made, setting up more in detail the facts touching the purchase of the lands in controversy at tax sale by the defendants, William B. and Thomas Jones. The opinion states the facts

[Randle, Adm'r, v. Boyd.]

necessary to an understanding of the points decided on this appeal.

JAMES T. NORMAN and DAVID CLOPTON, for appellant. (No brief came to the hands of the reporter.)

WATTS & SONS, *contra*. (1) Assignments of error must be to the decree from which the appeal is taken, and can not relate to any other, unless such other is a mere *interlocutory* decree, and was involved in the rendition of the final decree from which the appeal is taken.—*McDonald v. McMahon*, 66 Ala. 115; *Waldrop v. Carnes*, 62 Ala. 374; *Jones v. Wilson*, 54 Ala. 50. (2) The decree of September 3rd, 1881, was a *final* decree so far as William B. and Thomas Jones were concerned. It settled *all* the equities between the complainant and them, and an appeal could have been taken from it by the complainant.—See *Taylor v. Roberts*, 3 Ala. 83; *Thompson v. Campbell*, 57 Ala. 183; *Taylor v. Read*, 4 Paige, 567; *Jones v. Wilson*, 54 Ala. 50; *Creighton v. Paine*, 2 Ala. 158; *Creighton v. P. & M. Bank*, 3 Ala. 156; Code of 1876, § 3916; *Ib.* § 3918. It has been repeatedly held, that when a bill is *dismissed* out of court, either on demurrer or on motion to dismiss for want of equity, the decree is *final* and ceases to stand *as a preference* case under the statute, By the terms of the decree dismissing the bill as to William B. and Thomas Jones, they were discharged from court; they no longer continued before the court, and could not be affected by any proceedings in that case at any subsequent term. *As to them*, the court, at any subsequent term, would be without *jurisdiction*, and any order or decree affecting them or their interest, when they were not before the court, would be *coram non judice*.—See *Byrd v. McDaniel*, 26 Ala. 5๖2. (3) William B. and Thomas Jones were never brought back into court after they were discharged therefrom. It is not pretended that they were in court when the decree of May 15th, 1882, was rendered. To permit that decree to affect them or their interest, would violate the fundamental principle, that parties can not be deprived of their property "without due course of law."—*McCurry v. Hooper*, 12 Ala. 823; *Wilburn & Co. v. McCalley*, 63 Ala. 436; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594. (4) There may be more than *one* final decree; there may be several in the same cause, *by name*, where there are several defendants with separate and distinct interests, and there is no connection between them. *Taylor v. Roberts*, 3 Ala. 83; *Thompson v. Campbell*, 57 Ala. 183; *Royall v. Johnson*, 1 Randolph, 432; *McCoun v. Delany*, 2 Bibb, 440; *Rhodes v. Williams*, 12 Nev. 20; *Gove v. Lyford*, 44 N. H. 525; 2 Dan. on Ch. Pr. 993, note 8. (5) No assign-

[Randle, Adm'r, v. Boyd.]

ments of error can be made on a decree final (one settling the equities between the parties to it), which has been rendered more than one year before appeal from it, although appeal is taken from the last final decree in the cause within the time prescribed by law.— *Waldrop v. Carnes*, 62 Ala. 374 ; *Jones v. Wilson*, 54 Ala. 50 ; *Bolling v. Jones*, 67 Ala. 508 ; *McDonald v. McMahon*, 66 Ala. 116.    (6) It is settled that in a suit to foreclose a mortgage, or to enforce a vendor's lien, no relief can be had against a person who is shown to hold adversely. 2 Jones on · Mort., § 1440 ; *Dial v. Reynolds*, 6 Otto, 340 ; *Banning v. Bradford*, 21 Minn. 308 ; Barbour on Parties in Eq. 493, and cases cited ; *Gage v. Perry*, 93 Ill. 176 ; *Roberts v. Wood*, 38 Wis. 66 ; *Blackwood v. Van Vleet*, 11 Mich. 252 ; *Wilkinson v. Green*, 34 Mich. 221 ; *Colburn v. Broughton*, 9 Ala. 363 ; *Tabor v. Cook*, 15 Mich. 322 ; *Springer v. Rosette*, 47·Ill. 223 ; *Eagle Fire Co. v. Lent*, 6 Paige, 635 ; *Holcomb v. Holcomb*, 2 Barb. 20 ; *Banks v. Walker*, 3 Barb. Ch. 438.    To make one a proper party in such suit, he must not only become interested *subsequently*, but he must hold under the mortgagor, or mortgagee, so as to be in privity with *their* title.—*Roberts v. Wood, supra* ; *Banning v. Bradford, supra*.    There is no averment of the bill that William B. and Thomas Jones hold in privity with, or in subordination to Randle, or Ray, or Thompson ; but it is shown that they hold in hostility to each of them. (7) Under the Alabama law, whatever may be the law of other States, the purchaser at a tax sale does not hold merely the interest of the defaulting tax payer, but he acquires the fee.—*Jones v. Randle*, 68 Ala. 258 ; *Doe v. Hearick*, 14 Ind. 243 ; Burroughs on Tax. 346, § 122.    He, therefore, not being at the time of his purchase a mortgagee or ·mortgagor of the land, has an original, not a derivative title ; and, whether his title be good or bad, he holds adversely to the mortgagor and mortgagee.—*Blackwood v. Van Vleet*, 11 Mich. 252.    The authorities discussed and distinguished on this point.—*Neiswanger v. Gwynne*, 13 Ohio, 74 ; Black. on Tax Titles, 49 ; *Gillett v. Webster*, 15 Ohio, 623 ; *O'Brien v. Coulter*, 2 Blackf. 421 ; *Branson v. Yancy*, 1 Dev. Eq. 77.    (8) One out of possession can not file a bill merely to remove a cloud from the title.—*Daniel v. Stewart*, 55 Ala. 278 ; *Plant v. Barclay*, 56 Ala. 561.    (9) If the tax title be void, this is no reason for a resort to equity, as a recovery might be had in ejectment.

SOMERVILLE, J.—The present bill is filed for the enforcement of a vendor's lien, the parties defendant being the heirs of Ray and Thompson, who were vendees of the land, under an order of sale made by the complainant, Randle, in the year 1868, as the administrator of the estate of one Carter, *and*

*also William B. and Thomas Jones.* The two latter defendants are alleged to have been in possession of the land, claiming it adversely, under a tax-sale made in the year 1873, several years *after* the accrual of complainant's lien. They demurred to the bill on the ground that they were improperly joined as defendants, insisting that the chancery court possessed no jurisdiction to litigate and settle the validity of their claim under the tax-deed. This demurrer was sustained, and a decree rendered on September 3, 1881, *dismissing the bill as to them.* At an ensuing term of the court, the chancellor rendered another decree, on May 15, 1882, granting the relief prayed as against the other parties to the suit.

This appeal is taken from the last decree, but the assignments of error are based on the first decree, upon the theory that it was interlocutory and not final in its nature. The motion is now made to strike out these assignments on the ground that the decree of September 3, 1881, was final, and that, more than one year having elapsed since its rendition, it was barred at the time the appeal was taken. This is the first question which is presented by the record for our decision.

It is often said that appellate courts will not undertake to review litigated cases *by piecemeal.* It is the policy of the law to prevent a multiplication of law-suits by the unnecessary splitting up of actions, the encouragement of which tends to a burdensome accumulation of costs, and a vexatious delay of justice. The spirit of our decisions, in full accordance with this principle, is strongly in favor of the doctrine, that, as a general rule, there can be but one final decree upon *the merits* of any one cause, settling the equities and adjudging the rights of the parties litigant, and that a decree which goes to this extent is final, although the cause is still in progress, and a reference to the register may be necessary in order to ascertain facts for an account between the parties.—*Jones v. Wilson*, 54 Ala. 50; *Bradford v. Bradley*, 37 Ala. 453; *Garner v. Prewitt*, 32 Ala. 13. It is said by Mr. Freeman that the general rule, recognized by the courts of the United States, and by the courts of most, if not all of the States, is, that "no judgment or decree will be regarded as *final*, within the meaning of the statutes in reference to appeals, *unless all the issues of law and of fact* necessary to be determined were determined, and *the case completely disposed of, so far as the court had power to dispose of it.*"—Freeman on Judg. (3d Ed.) § 34. In the case of *Martin v. Crow*, 28 Texas, 614, it is said : " When the whole of the matter in controversy is finally disposed of as to *all the parties*, then there is a final judgment, and not before, from which an appeal or writ of error can be taken."

[Randle, Adm'r, v. Boyd.]

There are said to be some exceptions to this general rule, where courts refuse to dismiss appeals from judgments, which do not completely dispose of the cases in which they were rendered. These exceptions, if they exist at all, under our system of equity practice, are based upon the peculiar circumstances of hardship which attend the enforcement of these judgments or decrees, by which the defendants, against whom they are rendered, might be deprived by delay of all benefit to be derived from an appeal at any later stage of the proceedings.—Freeman on Judg. § 35 ; *Barnard v. Gibson*, 7 How. 650 ; *Trustees v. Greenough*, 105 U. S. 527. Whether, in cases of this character, *an appeal* would lie under our rulings, or the party, whose rights are threatened with irreparable damage by delay, would have a remedy by *mandamus*, we have no occasion now to decide. It is manifest that this case is not of that peculiar class.

We are cited by appellee's counsel to two or three adjudged cases, holding the doctrine that a decree may be final as to one of several defendants, whose interests are not at all connected with each other, although the cause may still be pending in court as to the others. But these authorities are opposed to what has been considered the uniform practice in this State from the earliest history of our system of equity jurisprudence, and the doctrine established by them can not be regarded as sound and tenable, unless, perhaps, in the class of exceptional cases to which we have above alluded.

The motion to strike out the assignments of error must be overruled, the decree of September 3d, 1881, being interlocutory and not final.

It is further insisted, if the assignments of error be permitted to stand, that the demurrer was properly sustained on the ground of misjoinder and multifariousness. The rule as to parties in the present proceeding is obviously analogous to that prevailing in ordinary foreclosure suits. The general rule, in such cases, is settled to be, that *adverse claimants* can not be made parties for the purpose of litigating their title in a court of chancery. " The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them *subsequent* to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. His interests can in no way be affected by the suit; and he has no interest in it. There being no privity between him and the mortgagee, the latter can not make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit."—2 Jones on Mortgages, § 1440; *Banning v. Bradford*, 21 Minn. 308 ; s. c. 18 Amer. Rep. 398 ; *Dial v. Reynolds*, 96 U. S. 340. This rule has been held to include adverse prior encumbrancers also,

[Randle, Adm'r, v. Boyd.]

who, it is said, can not be made parties defendant to fore-closure suits, for the purpose of contesting their *titles*, but only for the purpose of making a sale of the whole title, and of paying off such prior encumbrances from the proceeds of sale. 2 Jones on Mort. § 1439 ; *Chamberlain v. Lyell*, 3 Mich. 448. But questions involving the priority of lien, as between two or more mortgages executed by the same mortgagor, may properly be adjudicated in a foreclosure suit instituted by one of them. 2 Jones on Mort. § 1445. Whether a prior mortgage may not be assailed for *fraud*, and the prior mortgagee made a party defendant for this purpose, we need not here decide.

This principle is evidently based upon the theory that a court of equity has no jurisdiction to try the validity of *mere legal titles*, which have no *privity of derivation or connection* with that of the mortgagor or mortgagee, but *is independent of and paramount to it.* Hence, in our opinion, it should be confined to such adverse claims of title as were derived from the mortgagor or mortgagee *anterior* to the date of the mortgage, or from a *stranger* either prior or subsequent to such time. The following rule, stated by Chancellor Walworth, seems to have received the general concurrence of the courts, so far as I have been able to discover. In the case of the *Eagle Fire Co. v. Lent*, 6 Paige, 637, he says : " So far *as mere legal rights* are concerned, upon a bill of foreclosure, the only proper parties to the suit are the mortgagor and mortgagee, and those who have acquired rights or interests under them *subsequent* to the mortgage. And the mortgagee has no right to make one who claims adversely to the title of the mortgagor, *and prior to the mortgage*, a party defendant for the purpose of trying the validity of his adverse claim of title in this court."—*Corning v. Smith*, 6 N. Y. 82 ; *Chamberlain v. Lyell*, 3 Mich. 448 ; *Holcomb v. Holcomb*, 2 Barb. (N. Y.) 20 ; *Pelton v. Farmin*, 18 Wis. 222 ; *Wright v. Dudley*, 8 Mich. 115 ; Barbour on Parties, 493.

The claim of the demurrants is shown to be based on *a tax-title* acquired in the year 1873, several years after the sale of the land, and, therefore, after the creation of complainant's lien for the purchase-money. The important fact is, that it was not anterior to this date. It may be true that a purchaser at a valid tax-sale acquires not only the interest or right of the owner of the land to whom it is assessed, but a good title to the land itself, free from the claims of all persons.—Burroughs on Tax. § 122, p. 346 ; *Jones v. Randle*, 68 Ala. 258. Yet it can not be assumed that the mortgagor was not the owner of a good and perfect title, in the absence of proof to the contrary. It is very certain also that, as the greater always includes the less, a claimant under a tax-sale, after the excution of a mort-

[Randle, Adm'r, v. Boyd.]

gage, must claim to hold and own the equity of redemption as a component part of his tax-title, and to this extent there is a certain privity of title between them referable to the tax proceedings, which are primarily against the owner, who has a right to appear and defend in the probate court against any judgment of condemnation. Mr. Jones, in his treatise on Mortgages says, that "one who claims under a tax-title is a proper party, as the claim is made for an interest in the equity of redemption."—2 Jones on Mort. §§ 1440, 1445. Mr. Blackwell is an authority for the same doctrine. "It is also held," he says in his work on Tax Titles, "that creditors who have a lien upon land which has been sold for taxes, or who have a right in equity to resort to the land, for the payment of their debts, may file a bill to set aside an illegal tax-sale, and thus dispel any cloud upon the title of their debtor, and remove any obstacle thus created to the enforcement of their lien or right."—Blackwell on Tax Titles (4th Ed.), *491; *Gillett v. Webster*, 15 Ohio, 623; *O'Brien v. Coulter*, 2 Blackf. 421; *Branson v. Yancy*, 1 Dev. Eq. 77; *Horton v. Ingersoll*, 13 Mich. 409; *Lee v. Ruggles*, 62 Ill. 427; *Kelsey v. Abbott*, 13 Cal. 609. In the case of *Johnson & Seats v. Smith's Adm'r*, 70 Ala. 108, we held that a bill filed by a vendor to enforce his vendor's lien for the unpaid purchase-money, was not bad for misjoinder or multifariousness, because it sought to redeem the land, and set aside a tax-sale and cancel a certificate of purchase, as a cloud on complainant's title, the defendant holding the certificate of purchase in that case being also a sub-purchaser from the original vendee, and it being his duty, therefore, to pay the taxes. The decision is based upon the general rule, that equity, having assumed jurisdiction for the purpose of enforcing a lien, would make it effectual for the purpose of *complete relief* by removing the cloud on the title as an impediment to the enforcement of such lien. The objection of multifariousness does not hold "where one general right is claimed by the plaintiff, although the defendants may have separate and distinct rights."—*Dimmock v. Bixby*, 20 Pick. 377; *Larkins v. Biddle*, 21 Ala. 252. Where the object of the suit is single, it is no objection that the different defendants have separate interests in distinct and independent questions, provided they are "all connected with and arise out of the single object of the suit."—*Boyd v. Hoyt*, 5 Paige, 65. The reason of the rule is that courts of equity are averse to a multiplicity of suits, and always strive to prevent unnecessary and useless litigation, so far as they can, without, on the other hand, vexing parties with the litigation of questions with which they have no concern.—*Fellows v. Fellows*, 15 Amer. Dec. pp. 428–29, *note*.

[Lawson v. Alabama Warehouse Company.]

It is our opinion that the demurrants were proper parties defendant to the present bill, and the court erred in sustaining the demurrer and dismissing the bill as to them.

The other questions argued do not properly arise under the demurrer, but have reference to the merits of the case in other aspects, as to which the chancellor has made no ruling.

Reversed and remanded.