# *Ex parte* Elyton Land Co.

## *Application for Mandamus.*

1. *Final decree; when it will support an appeal*—A final decree, which will, under the statute (Code, § 3611) support an appeal, is one that ascertains and declares the rights of the parties to a suit, and settles all the equities of the case in which it is rendered, and the finality of such a decree is not affected, although there may be ordered, at the same time, a reference to the register to ascertain facts necessary for an account, and to state an account between the parties.

2. *Same; on a bill for the assignment of dower.*—Where in a bill filed by a widow for the assignment of dower she avers the concurrence and co-existence of the necessary jurisdictional facts, and the prayer of the bill is that dower in the lands described therein be assigned to the complainant, that an account be taken of the rents and profits from the commencement of defendant's possession, that the improvements be ascertained, that complainant's one-third interest in the rents be decreed to be paid, and for general relief, and upon the hearing of the cause a decree is rendered declaring that the complainant is entitled to the relief prayed for, and ordering a reference to ascertain the improvements made on the land by defendants and to take an account of the rents and profits, such decree is final and will support an appeal; since it settles all the equities of the case, and only leaves the court to pursue such further proceedings as may be necessary to secure to the complainant the right to which she has been adjudged entitled.

The facts of the case are sufficiently stated in the opinion.

ALEX. T. LONDON, for petitioner.—The decree in this case, having ascertained the right of the complainant to dower, is final, notwithstanding the necessity for a reference to the register.—*Cochran v. Miller*, 74 Ala. 61. This doctrine is expressly recognized in *Adams v. Sayre*, where it is held that a decree may be partly final and partly interlocutory; but when it determines all issues of law and fact constituting the

equities proper of the cause, it is final as to those equities, and an appeal will lie.—*Adams v. Sayre*, 76 Ala. 517 ; *Stoudenmire v. DeBardelaben*, 85 Ala. 85 ; *Morton & Bliss v. N. O. & S. Railway Co.*, 79 Ala. 611 ; *Jones v. Wilson*, 54 Ala. 50.

BROOKS & BROOKS, *contra*.—A party is entitled to an appeal from a decree only when it is final.—Code of 1886, § 3611. A decree from which an appeal lies is not final unless it settles all the equities in the case as to each and every party thereto.—*Moore v. Randolph*, 52 Ala. 535 ; *Garner v. Prewitt*, 32 Ala. 13 ; *Bond v. Marx*, 53 Ala. 177 ; *Munter & Faber v. Linn*, 61 Ala. 499 ; *Broughton v. Wimberly*, 65 Ala. 549 ; *Kirby v. Kirby*, 70 Ala. 371 ; 1 Black on Judgments, §§ 41, 42, 43, 44, note 101, § 45.

BRICKELL, C. J.—Rebecca E. Denny filed her original bill in equity in the city court of Birmingham, against the heirs-at-law of her deceased husband, Joab Bagley, the Elyton Land Company and others, alleging that her said husband died intestate in April, 1875, seized in fee of a described tract or parcel of lands, of and in which dower had not been assigned to her ; that after his death, the Elyton Land Company had entered upon and taken possession of the lands, and made improvements thereon, and that certain other persons, who were made defendants, entering under said company, were in possession of parts of said lands, and had made improvements thereon. The prayer of the bill is, that dower in the lands be assigned to the complainant ; that an account be taken of the mesne profits or rents of the lands, from the commencement of the possession of the Elyton Land Company ; that it be ascertained what parts of the lands the defendants entering under the company occupied, and that an account of the rents and profits thereof be taken ; that an account be taken of the improvements made upon the said lands, and by whom made ; that one-third of the rents be decreed to be paid the complainant, with the interest thereon, in such proportions by the several defendants as may be deemed just ; and for general relief.

The city court rendered a decree, ascertaining and declaring that the husband, Joab Bagley, at the time of

his death, was seized in fee of the lands; and further declaring that the complainant was entitled to the relief prayed for, and to be endowed in and of the lands. A reference was ordered to ascertain the parts of the lands which had been granted by the Elyton Land Company to the several defendants entering under them; the improvements these defendants had severally made; whether dower by metes or bounds in these several parts of the lands could be assigned. Further, to take an account of the annual rents and profits of the remainder of said lands, first, exclusive of the improvements thereon, made after the death of the husband; second, including the improvements; and to ascertain what part, if any, of the said lands is woodland, of but little rental value. The Elyton Land Company, desiring to appeal from the decree and to supersede its execution, applied to the judge of the city court, to prescribe the amount of bond to be executed pursuant to the statute.—Code, § 3625. The judge, not deeming the decree final, authorizing an appeal, refused to prescribe the amount of the bond. Thereupon the company applied to this court for a *mandamus* to compel the judge to prescribe the amount of the bond.

The equity of the original bill, on which the decree was rendered, involved the concurrence and co-existence of these facts: the marriage, the seisin of the husband during coverture, his death and the possession of the lands, claiming to be tenants of the freehold, by the defendants charged to be in possession and so claiming. These facts constitute the equity of the case; they embrace the substantial merits of the controversy; from them arise the material issues of fact and of law, upon which the legal and equitable rights of the parties depend. The decree ascertains and declares the concurrence and co-existence of these facts; and from them deduces the legal conclusion, which is expressed, that the complainant is entitled to be endowed of the lands, and entitled to the relief prayed for in and by the original bill. The decree thus settles *all the equities of the case*, as that term is employed in our decisions; leaving the court to pursue such other and ulterior proceedings, as may be necessary to execute the decree, securing to the complainant the full possession and enjoyment of the rights to which she is entitled.

[*Ex parte* Elyton Land Co.]

There are certain interlocutory orders or decrees, specified in sections 3612–3614 of the Code, which the court of chancery, or the chancellor sitting in term time, or in vacation, may render, from which an appeal to this court may be taken. Excepting these orders or decrees, it is only the final decree of the court of chancery, which will support an appeal.—Code, § 3611. Taken in a strict, technical sense, the final decree of a court of chancery is the sentence of the court, finally and conclusively determining all the matters in controversy, disposing entirely of the cause, leaving nothing further for the court to do. Such is not the meaning of the term "final decree," as it is employed in the statute. The test of the finality of a decree to support an appeal is not whether the cause remains *in fieri*, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered, ascertains and declares these rights— if these are ascertained and adjudged, the decree is final and will support an appeal.—1 Brick. Dig. 89, §§ 85-87; *Jones v. Wilson*, 54 Ala. 50; *Malone v. Marriott*, 64 Ala. 486; *Walker v. Crawford*, 70 Ala. 567; *Randle v. Boyd*, 73 Ala. 282; *Cochran v. Miller*, 74 Ala. 50; *Adams v. Sayre*, 76 Ala. 509. We repeat, the decree before us finally and conclusively ascertains and adjudges the existence of every material fact upon which the right of the complainant to the relief sought depends. If it had been adjudged that any one of these facts did not exist, the adjudication would have been fatal to her right to relief. The decree adjudging the existence of these facts removes them from the pale of further controversy in the city court. The term of that court having passed, except upon a petition for rehearing, filed within the time prescribed by the rules of chancery practice, the court is powerless to reconsider or modify the decree.—*Cochran v. Miller*, 74 Ala. 50.

Whether dower should be assigned by metes and bounds; or whether compensation should be decreed in lieu of such assignment; which of the defendants should be charged with the payment of rents, for what parts of the lands, and what portions; whether the rents should be computed on the basis of the enhanced value of the lands because of the improvements, or without regard to such

improvements, were incidents, consequential to the decree the court had rendered, adjudging that the complainant was entitled to be endowed of the lands; essential to the execution of that decree, and to confer upon her the possession and enjoyment of the rights, the decree adjudged she was entitled to have and enjoy. In this respect the decree bears a close resemblance to the numerous decrees which have been before his court, and adjudged final, supporting an appeal, though a reference to the register of matters of account was made, or a reference to ascertain the amount due the complainant.

While we are constrained to declare the decree is final, and will support an appeal, we feel it our duty to say that it would be a better practice, if the courts exercising chancery jurisdiction would not render such decrees. The purpose of the statute in limiting the right of appeal to final decrees is obvious. It was intended to save the delay and expense of several appeals, having the whole case, and every matter of controversy in it, decided on a single appeal. The purpose of the statute would be accomplished, if the chancellor, or the judge exercising chancery jurisdiction, when he reaches the conclusion a complainant is entitled to relief, would, in an interlocutory decree, announce the opinion formed, making such other interlocutory orders or decrees to secure the complainant the full measure of relief, the case may render necessary; and withholding a final decree until these interlocutory orders or decrees have been executed. Then in one final decree adjudicating every disputed matter, rendering the whole revisable on one appeal. Thereby, the cause would be kept under the control of the court, and there would be but one decree having the elements of finality.—*Jones v. Wilson,* 54 Ala. 50; *Forgay v. Conrad,* 6 How. (U. S.) 201. As this case stands, and as was true of the numerous cases, to which we have referred, we have a decree which is partly final, and partly interlocutory. Final, so far as it adjudges and determines the existence of the material facts on which the right of the complainant to relief depends; interlocutory, as to the further proceedings which are necessary to the execution of the decree. From the present decree an appeal lies, because the equities of the case are determined by it. From the decree which may

[*Ex parte* Stearnes.]

be rendered hereafter on the further proceedings, an appeal will also lie; and thus the court is necessitated "to revise litigated cases by piecemeal." A necessity which would have been avoided, if the decree settling and determining the equities of the case had been withheld, until the court was ready to dispose of the case and all matters of controversy it involves, entirely, leaving no room for further judicial action.

The rule *nisi* must be made absolute, and a peremptory *mandamus* must issue in accordance with the prayer of the petition.

*Mandamus* awarded.