# Wyatt v. Garlington.

*Bill in Equity for Foreclosure of Mortgage given for Purchase-Money of Land.*

1. *When purchaser can not resist payment of purchase-money.*—A purchaser of land, holding his vendor's bond for title, and remaining in undisturbed possession, can not resist the payment of the purchase-money, on account of a defect in the title, without showing that the vendor is insolvent, or unable to respond in damages.

2. *Chancellor's decree on facts.*—This court will not disturb the chancellor's decision on a disputed question of fact, unless the record clearly shows that he was mistaken.

3. *Decree on cross bill.*—When no right to relief under a cross bill is shown, it is the better practice to dismiss it in terms; but, if a final decree is rendered for the complainant in the original bill, on hearing on bill, cross bill, and evidence, granting relief inconsistent with the cross bill, this, in effect, disposes of the cross bill, and the complainant therein can not complain that no decree was rendered on it.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. B. B. McCRAW.

In this case, two bills were filed on the 12th February, 1872, by Joseph E. Garlington, against E. M. Wyatt and others, asking the foreclosure of two separate mortgages given for the purchase-money of land; and a decree was rendered by the chancellor, in each case, for the complainant. The two cases grew out of the same transaction, and present substantially the same facts; and they were argued and submitted together. One of the mortgages was executed by Jonathan

VOL. LVI.

Murry, to said E. M. Wyatt; was dated the 10th December, 1870, and was given to secure the payment of a promissory note for $300, of even date with the mortgage, and payable twelve months after date, which recited that it was given for the purchase-money of a tract of land sold and conveyed by said Wyatt to said Murry. The other mortgage was also dated the 10th December, 1870; was executed by J. T. Brazell to said E. M. Wyatt, and was given to secure the payment of a promissory note for $400, of even date with said mortgage, which recited that it was given for the purchase-money of a tract of land sold and conveyed by said Wyatt to said Brazell. On the 6th December, 1870, said Garlington, the complainant in each bill, sold a tract of land to said E. M. Wyatt, at the agreed price of $1,000, for which Wyatt executed his promi-sory note, payable on the 1st December, 1871, reciting, as its consideration, that it was given for the purchase-money of the land; and Garlington executed his bond to Wyatt, conditioned to make good titles to the land on the payment of the note. Wyatt's said note not being paid at maturity, Garlington filed his two bills on the same day, as above stated, for the foreclosure of the said mortgages executed by Murry and Brazell; alleging that said mortgages, and the notes which they were given to secure, had been transferred to him by said Wyatt, in writing, to secure the payment of said note for $1,000. In the bill which sought the foreclosure of Murry's mortgage, he was made a defendant, while Brazell was made a defendant in the other; and in both cases, Thomas Farriss, who was alleged to be in possession of each tract of land, was made a co-defendant with Wyatt. In each case, the bill prayed for a foreclosure of the mortgage, an account of the mortgage debt, a sale of the lands, and general relief.

No defense to the suit was made by Farriss, Murry, or Brazell, and decrees *pro confesso* were entered against them. Wyatt filed an answer in each case, admitting the purchase of the land from Garlington, the execution of his note for the purchase-money, and of the bond for title by Garlington, as alleged; alleging that said Garlington "in fact had no legal title to said land, and practiced a fraud on this respondent in representing that he had a legal title;" denying that he had assigned to Garlington the notes and mortgages of Brazell and Murry, or either of them, as collateral security for the payment of his note for $1,000; and alleging that he still held the mortgages himself, and had delivered the notes to Garlington, in order that he might show them to one Pearson, to whom he (Garlington) was indebted, and see if Pearson would accept them in payment of said indebted-

ness; with the understanding and agreement between them, that if Pearson would so accept them, they should be applied and considered as a partial payment of said Wyatt's note for $1,000, and otherwise should be returned to him; and he alleged that Garlington afterwards told him that Pearson would not accept the notes, and that said Garlington nevertheless refused to return the notes to him. In each case, he asked that his answer might be taken as a cross bill, and that the mortgage sought to be foreclosed might be foreclosed for his benefit, as the owner of the mortgage and secured note.

Garlington filed an answer to each cross bill, re-asserting, in substance, the allegations of his original bill; alleging that he had a good title to the land sold to Wyatt, and denying that he had practiced any fraud on him in regard to the title. In reference to the transfer of the notes and mortgages of Murry and Brazell, his answer contained these additional statements: that Wyatt, at the time of the contract between him and Garlington, represented that he had sold his entire tract of land, for $700, to said Murry, who was to give his note for the amount, with a mortgage on the land to secure it, and executed to Garlington a writing transferring this note and mortgage to him as collateral security for the $1,000 note; that a few days afterwards, the contract between Wyatt and Murry not having been completed as first agreed on, Wyatt sold and conveyed a part of the land to said Murry for $300, and the residue to said Brazell for $400, taking their notes and mortgages as before stated, with the consent and approval of Garlington, to whom he delivered the notes, and promised to deliver the mortgages so soon as they had been recorded, to be held as collateral security for Wyatt's note, instead of Murry's note and mortgage for $700 as first agreed on; and he admitted that he had promised Wyatt, if Pearson would accept the notes of Murry and Brazell in payment of a debt owing to him by Garlington (which was secured by a mortgage on the lands sold to Wyatt), the amount should be at once applied as a partial payment of Wyatt's note for $1,000; that Pearson refused to accept them, and he informed Wyatt of that fact; but he denied that he had promised to return the notes to Wyatt, on Pearson's refusal to accept them, and insisted that he was to hold them as collateral security for Wyatt's note, and had delivered them to Pearson as collateral security, on his releasing his mortgage, according to the agreement between them. Decrees *pro confesso* on the cross bill were duly taken against the other defendants.

The depositions of Garlington and Wyatt were taken,

[ Wyatt v. Garlington. ]

each on his own behalf; and each testified, substantially, to the facts stated in the bills and answers respectively. In reference to Garlington's title to the land sold to Wyatt, he testified, that he entered it at the land-office at Montgomery, in May, 1850, in the name of himself and his brother; that he had a certificate of entry, which he produced, but no patent; that he had paid the entire purchase-money himself, and had been in continuous possession until he sold and conveyed to Wyatt; and that his brother never had or claimed any interest in the land, and had indorsed on the certificate of entry a transfer of any supposed interest he might have to said complainant. The deposition of Pearson was taken by the complainant, and corroborated his testimony as to the notes and mortgages so far as ne had any connection with them. The testimony of Wyatt, and of two witnesses examined by him, showed he objected to Garlington's deed for the land, on the ground that the certificate of entry did not give him a good title, and showed that his brother had an interest in the land; and he said that he would pay his note to Garlington, if the latter would get a patent for the land. There was no proof of Garlington's pecuniary condition, except the testimony of one witness, who said that he was not insolvent.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant in each case, but delivered no written opinion, and rendered no decree on the cross bill; and these decrees are now assigned as error.

GEO. W. GUNN, with BULGER & OLIVER, for appellant.

W. H. BARNES, with W. H. DENSON, *contra*.

STONE, J.—Wyatt, the purchaser, has never been disturbed in the possession of the lands he bought from Garlington, so far as we are informed. There is neither averment nor proof that Garlington is not able to respond in damages, if he should not be able to make a good title. The cross bills do not seek a rescission. The proof strongly shows that Garlington has a good equitable title, with such length of independent, separate enjoyment, as to toll all adversary right of entry. The cross bills utterly fail to show any right in Wyatt to resist the relief sought by Garlington, that is based on an alleged defect in his (Garlington's) title. *McLemore v. Mabson*, 20 Ala. 137; *Strong v. Waddell*, at the present term.

2. Three witnesses testify to Wyatt's handwriting and signature to the paper which purports to transfer the Murry

and Brazell mortgages. One of the witnesses, Garlington, testifies, as a fact, that Wyatt did execute the paper. The chancellor found and decreed, as a fact, that Wyatt did transfer the notes and mortgages to Garlington; for otherwise he could not have granted him relief. The testimony, in conflict with that mentioned above, is not strong enough to overcome it, and to convince us that the chancellor erred in his finding.—*Bartlett v. Varner*, at present term, and authorities cited.

3. In his final decrees, the chancellor made no reference to the cross bills. Perhaps, it would have been better had he done so. The effect of his decree, however, was that the complainant in neither of them was entitled to any relief. The relief he granted on the original bills, being incompatible with any relief prayed, or which could have been granted on the cross bills, demonstrates this. This, in effect, was a final decree, refusing relief on the cross bills, and furnishes appellant no ground of complaint. To make the decree complete, however, we will proceed to render the decree which the chancellor should have rendered. It is therefore ordered and decreed, that the cross bill in each of these cases be, and the same is hereby, dismissed, at the costs of the complainants therein, to be taxed by the register.

Affirmed.