# Smith *v.* Coleman *et al.*

## *The Right of Amendment.*

1. *A bill must be amended before the final decree.*—The right to amend bills of complaint and answers conferred by section 3790 of the Code of 1876, must be exercised before the final decree.

2. *A decree settling the equities, is final.*—A decree settling all the equities between the parties is final, and from it an appeal may be taken to the Supreme Court.

3. *The amendment can be made only in reference to evidence already taken.*—The right to amend the pleadings so as "to meet any state of the evidence which will authorize relief," is confined to the evidence already taken.

4. *A final decree can not be amended at a subsequent term.*—When a final decree is free from errors, but the case is reversed and remanded, because without the consent of parties the chancellor confirmed the report of the register in vacation, the court, at a subsequent term, has no authority to amend the decree on the merits, or to allow an amendment which seeks to accomplish such a result.


APPEAL from the Chancery Court of Autauga.

Heard before the Hon. CHARLES TURNER.

The facts are contained in the opinion.


W. H. & W. T. NORTHINGTON, for appellant.—1. There is only one question presented by the record. It is the action of the chancellor refusing to allow the appellant to amend his answer. If the amendment proposed was material, and no final decree had been made, it is clear the chancellor erred in his refusal.—Code of 1876, § 3790.

2. A decree is not final which leaves unadjudicated any material question in litigation upon which the action of the court is invoked, and on which the court proceeds to act,

but suspends action until a future day for any cause. Two of the most important matters involved in the case had been referred to the register to ascertain, and without the ascertainment of which no final decree could be made. This matter had been referred to the register and he had made his report, but no decree had been rendered thereon when the motion to amend was made. It was made, therefore, before the final decree, and should have been allowed.

DOSTER & ABNEY, for appellees.—1. In this case, the chancellor made two decrees; one settling the equities between the parties; and the other confirming, without the consent of the appellant, the report of the register in vacation. This court decided the chancellor only erred in the latter decree.

2. At a subsequent term, the appellant applied for leave to amend his answer. The proposed amendment was not signed by the appellant or his solicitors. The chancellor properly refused the amendment, because there had been a final decree settling all the equities of the bill. Nothing was to be done except the confirmation of the register's report and an order of sale of the mortgaged land.

3. Under any circumstances the chancellor ought not to grant an amendment unless the proof justifies it. — 37 Ala. 169. In this case the equities are the same as if the amendment had been incorporated in the original bill. The amendment only denied the allegations in the second paragraph of the bill, which the proof fully sustained, and which had been so decreed by the chancellor. The opinion of Justice STONE, when this case was last before the court, accords with this view.

STONE, J.—Our statutes allowing amendments of pleadings are very liberal. Section 3790 of the Code of 1876, declares that " amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief; and amendments to answers must be allowed at any time before final decree, so as to set up any matter of defence; but such amendments to bills and answers must be allowed on such terms as the chancellor may impose, not extending beyond the payment of all the costs."

Before the motion was made to amend the answer in this cause, the case had been fully prepared for final submission and decree on pleadings and evidence—it was submitted for

[Smith v. Coleman.]

final decree, and a decree was rendered by the chancellor, settling all the equities under the bill and cross-bill, and referring to the register the single inquiry of ascertaining and reporting the amounts due the several mortgagees. The register reported the sums due—there were some exceptions to his report, and the chancellor, in vacation and without the consent of Smith, complainant in the cross-bill, over-ruled the exceptions, and confirmed the report of the regis-ter. Each party appealed to this court, and assigned as error the several rulings of the Chancery Court. In the appeal of Mrs. Coleman the decree of the chancellor was in all things affirmed. In the appeal of Mr. Smith, the decree, so far as it affected the equity and merits of the controversy, was affirmed by this court. On the single question of the confirmation of the report of the register, we reversed and remanded the cause, on the sole ground that it was done in vacation, without the consent of the parties. In all other respects we concurred with the chancellor, and affirmed the principles settled by his decree.

. When the case returned to the Chancery Court, it stood in that court in all respects as it had stood, at and up to the very moment when the chancellor erroneously confirmed the report of the register. The appeal to this court, and re-versal of the order of confirmation, had no other effect than to remit the cause to the condition it was in, when the chan-cellor, by mistake, and without authority, assumed to con-firm the report in vacation. The reversal of the order of confirmation did not in the least impair the decrees thereto-fore rightly rendered, or confer on the chancellor any other authority or jurisdiction in the premises, than he had imme-diately before he pronounced the order of confirmation. It is settled in this court, by numerous decisions, that when a decree of the Chancery Court settles the equities between the parties, and leaves nothing to be determined but the taking, and stating an account, such decree is final; and an appeal to this court may be prosecuted therefrom, without waiting for the report of the register.—See *Bank of Mobile v. Hall*, 6 Ala. 141; *Garner v. Prewitt*, 32 Ala. 13.

So, in *Ex parte Creswell*, during the present term, a decree had been rendered by the chancellor, settling all the equities, and vesting title to the lands in controversy in complainant; and under a decretal order of the chancellor, the register had made a report of the amount of rents due, to which no exceptions were filed. At a subsequent term, the chancellor reconsidered his former ruling, and dismissed the bill for

[Smith v. Coleman.]

want of equity. We reversed his later decision, and, by *mandamus*, directed the decree of dismissal to be vacated and set aside, because, by his decree on the merits, the right to hear and determine had passed from the chancellor's jurisdiction, and he had no longer authority over the cause, save to consummate and execute his own decree.

In section 3790 of the Code, *supra*, the compulsory duty resting on the chancellor to allow amendments, is limited to applications therefor made "before final decree." In the present case the application was not made until *after* final decree. The case is not brought within the statute. Whether or not, after such decree as this, the chancellor may allow an amendment in the nature of a bill of review, to meet the demands of a hard case, we need not now inquire; for if he have such power, it is evidently one of discretion, which is not the subject of review. On principles of public policy, such discretion, if the power exists, should not be called into active exercise, except in cases of unquestioned merit, and with great caution and circumspection.

Another view of this question we feel it our duty to notice. It is not every species of amendment the statute was intended to provide for. Amendments in mistakes of names constitute the first provision. The second is, "to meet any state of evidence which will authorize relief." What is meant by *state of evidence?* Evidently not some possible state of proof, afterwards to be made. That would let in all the mischiefs which would result from unlimited license to re-examine witnesses, or to supply defects of proof, discovered after publication. It is a *state of evidence* already taken, authorizing relief, which the statute was designed to provide for. Under it, discrepancies between the allegations and proof may be remedied, and possibly some other defects healed. When such amendment is permitted, it, *per se*, gives no right to the party in whose favor it is allowed to claim a continuance, or to take further testimony. It is only when the adverse party claims it, that a continuance is granted as matter of right; and then, "both parties have the right to take additional testimony."

The amendment offered in the present case was not to meet any state of evidence already taken. The proof in this record does not establish the truth of the averments contained in the amendment. If allowed, it could have had no influence in the trial of the cause, without other testimony. The amendment is not of the class which falls within section 1790, Code of 1876.—See *King v. Avery*, 37 Ala. 169.

[Gafford v. Proskauer & Co.]

In any view we can take of this record, the appellant fails to make a case, in which he can demand, as matter of right, that his amendment should have been allowed.

The decree of the chancellor is affirmed.