[Ex parte Cresswell.]

# *Ex parte* Cresswell.

*Application for Mandamus to Chancellor.*

1. *Power of chancellor, at subsequent term, to set aside final decree.*—A chancellor has no power to set aside and vacate, at a subsequent term, of his own motion, a final decree rendered at a former term, although matters of account in the cause are still pending under a reference to the register. • ,

Application by petition, by Mrs. Louisa W. Cresswell, for a *mandamus* to the Hon. A. W. DILLARD, chancellor of the Western Chancery Division, presiding in the Chancery Court of Greene county, on the facts stated in the opinion of the court.

JAS. E. WEBB, for petitioner, cited *Ansley v. Robinson*, 16 Ala. 793 ; *Bradford v. Barclay*, 37 Ala. 453 ; *Van Dyke v. The State*, 22 Ala. 54 ; *Watt v. Watt*, 37 Ala. 547 ; *Byrd v. Mc Daniel*, 26 Ala. 585 ; *Ex parte Carroll*, 50 Ala. 9 ; *Boyles v. Maddox*, 43 Ala. 357 ; *Ex parte Lowe*, 20 Ala. 333 ; *Cockrell v. Hayes*, 41 Ala. 75.

BRICKELL, C. J.—This is an application for a *mandamus* to the chancellor of the Western Division, commanding him to vacate and annul an order made by him on the 30th November, 1877, whereby he set aside a final decree rendered by him on the 27th November, 1875, in favor of the petitioner, and against Samuel L. Cresswell and others. The facts, as shown by the application and its exhibits, are—that on the 6th October, 1874, the petitioner, a married woman, by her next friend, filed in the Chancery Court of Greene county her original bill, against her husband, Samuel L. Cresswell, James Crawford, William G. Jones, and William D. Dunn, to enforce a trust in and to certain lands, which her husband had aliened and conveyed to Crawford, and which he had conveyed to Jones and Dunn, in trust for the benefit of his creditors. The defendants were regularly brought into court. There was a decree *pro confesso* against the husband, and the other defendants answered, incorporating a demurrer in the answer. At the November term, 1875, the cause was submitted, on pleadings and proofs, for final decree. A decree was rendered, overruling the demurrer, declaring and enforcing the trust, and directing the defendants to deliver pos-

session of the lands to the complainant; and in the event they failed, directing that proper process issue to the sheriff to put her in possession. The register was ordered to take and state an account of the value of the rents and profits of the lands, during the years 1874 and 1875, while in possession of the trustees, Jones and Dunn. It was further decreed, that the complainant pay the costs, "and recover them of the assignees of James Crawford, out of the rents of the land." The register, having taken an account of the rents, reported to the June term, 1876, the amount thereof. It is not certain, from the transcript of the record exhibited with the application to this court, whether that report has been confirmed, or whether the further orders of the chancellor were made on a motion for its confirmation. At the June term, 1877, the chancellor, being of opinion that the original decree was erroneous, declined to make any further orders in the cause. At the November term, 1877, he reviewed the original decree, of his own motion, pronounced it erroneous, and made the order now complained of, annulling that decree, sustaining the demurrer he had previously overruled, and dismissing the bill, at the costs of the next friend of the complainant.

It is too plain for argument, that the action of the chancellor is indefensible. No principle of law is more plainly settled, or of more universal application, than that no court can, after a hearing on the merits, with the parties properly before it, reverse or annul its own final decrees or judgments, for errors of facts, or of law, after the term in which they have been rendered. After the lapse of the term, the extent of its power is the amendment of matters of form, or the correction of clerical misprisions. Certainly it is without power, at the mere volition of the judge, without complaint from any party in interest, to set aside and annul a decree from which, by the lapse of time, an appeal is barred. *Ansley v. Robinson*, 16 Ala 793; *Van Dyke v. State*, 22 Ala. 54; *Pettus v. McClanahan*, 52 Ala. 55; *Cameron v. McRoberts*, 3 Wheat. 591; *U. S. Bank v. Moss*, 6 How. U. S. 31; *Charman v. Charman*, 16 Vesey, 115; Freeman on Judgments § 100.

A rule *nisi* must be granted, requiring the chancellor to appear before this court on Thursday, April the 11th, 1878, and show cause why a peremptory *mandamus* should not issue, in accordance with the prayer of the petition.