# Cochran *et al. v.* Miller *et al.*

*Bill in Equity for Foreclosure of Deed of Trust, Removal of Cloud on Title, Account, etc.*

1. *Homestead exemption; governed by what law.*—As against the claims of creditors, the right to a homestead exemption must be determined by the law which was of force when the debt was created, or the liability incurred.

2. *Same; who entitled to in 1859.*—Under the laws which were of force in 1859, a homestead exemption was only reserved to a debtor who was

[Cochran et al. v. Miller et al.]

the head of a family (Rev. Code, § 2880); and an unmarried man, having no inmate of his house dependent on him, was not the head of a family, although he had hired servants or laborers in his employment.

3. *When decree is final.*—A decree in chancery is final, when it ascertains all the rights of the parties litigant, although there may be a reference to the register, to ascertain facts necessary for an account, and to state the account between the parties.

4. *Same.*—A decree rendered under a submission on pleadings and proof, granting relief to the complainant as prayed, is final, and necessarily involves and implies the overruling of demurrers to the bill, although they are not overruled in terms.

5. *Irregularities in putting cause at issue.*—When all the parties really affected by the decree have had their day in court, all being adults and *sui juris*, and have acquiesced in the decree until after an appeal is barred, irregularities in putting the cause at issue as to some of the defendants do not render the decree void, nor authorize the court to change or set it aside at a subsequent term.

6. *When deed of trust may be enforced by beneficiaries; amended and supplemental bills.*—Sureties on a *supersedeas* bond, for whose indemnity a deed of trust has been executed by their principal, may file a bill to foreclose the deed so soon as the judgment is affirmed, and are not required to first pay it themselves; and if they pay the judgment pending the suit, thereby becoming themselves entitled to the proceeds of sale (which the bill prayed might be paid to the creditor), this is supplemental matter, which may be brought in by amendment; and the failure to bring it forward is a mere irregularity, which does not affect the validity of the final decree.

7. *Decree partly final, and partly interlocutory.*—A decree may be partly final, and partly interlocutory; as, where it settles all the equities between the parties, and the principles on which relief is granted, but orders an account to be taken, or other proceedings to be had to carry it into effect; in which case, the chancellor can not, at a subsequent term, alter the principles on which relief was granted (as to which the decree is final), but may modify or change the interlocutory directions for carrying it into effect; and this court, on appeal, sued out after the completion of the statutory bar, is limited to an inquiry into the regularity of the subsequent proceedings, when they have progressed into a final decree which will support an appeal.

8. *Marshalling securities between creditors.*—Where an entire tract of land is conveyed by deed of trust for the indemnity of the grantor's sureties, and, an execution of junior lien being afterwards levied on it, the grantor asserts a right of homestead exemption to a part; the plaintiff in execution, becoming the purchaser at his own sale, has a right to insist that the land claimed as exempt shall be first subjected to the payment of the debt for which the sureties are bound, and against which they are indemnified by the deed.

9. *When appeal lies; and when mandamus.*—When the chancellor improperly sets aside or modifies, at a subsequent term, a final decree rendered at a former term, the remedy is by *mandamus*, and an appeal does not lie.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 13th September, 1877, by Thomas J. Cochran, Thomas A. Street, and David C. Jordan, against Henry L. Miller, Albert G. Henry, Mrs. Sarah A. Nickles, and her husband, Richmond Nickles; and sought to foreclose a deed of trust on a tract of land,

which said Miller had conveyed to said Cochran, as trustee, for the benefit and indemnity of Street and Jordan, as sureties for Miller on a *supersedeas* bond, on an appeal to this court from a judgment recovered against him by said Albert G. Henry; and it also asked an account of the rents, and of the reasonable compensation of the trustee, and to have the complainants' rights under the deed established and declared as against the claim of Mrs. Nickles, who had purchased a portion of the land at a sale under execution in her own favor. The deed of trust was dated January 13th, 1875, and was duly recorded. The judgment appealed from was affirmed by this court on the 31st July, 1876, and judgment rendered against the appellant and his sureties on the *supersedeas* bond; and an execution on this judgment was in the hands of the sheriff when the bill was filed. The execution in favor of Mrs. Nickles was issued on a decree in her favor, rendered by the Probate Court of Madison county on the 27th June, 1868, against said Henry L. Miller, as the administrator of William M. Patton, deceased, of which she was a distributee. The administrator's bond was executed in May, 1859. Several executions on this decree were issued, and placed in the hands of the sheriff of Madison county; but the first one sent to Marshall county was issued on the 20th January, 1875, and placed in the hands of the sheriff of that county on the 10th February, 1875; and it was levied by him on said tract of land on the 5th July, 1875. The land was not sold under this levy, for want of time; but an *alias pluries* having been issued and levied, the land was sold on the 1st Monday in August, 1876, except 160 acres claimed by the defendant as a homestead exemption, Mrs. Nickles becoming the purchaser, and receiving the sheriff's deed.

An answer to the bill was filed by Nickles and wife, in which was incorporated a demurrer on several specified grounds, which it is unnecessary to notice; and they also filed a cross-bill, in which they sought to set aside the deed of trust to Cochran on the ground of fraud, or, in the alternative, to have the lands claimed as exempt by Miller first subjected to the satisfaction of the debt for which Street and Jordan were bound as sureties. An answer to the original bill was also filed by Miller, and an answer to the cross-bill of Nickles and wife; and he prayed that this answer might be taken as a cross-bill to their cross-bill, and relief granted to him as to matters which are immaterial as the case is here presented.

The cause having been submitted, at the April term, 1880, for decree on pleadings and proof, the chancellor (Hon. II. C. SPEAKE) rendered the following decree at the ensuing August term, 1880: "This cause having been submitted at the last term, for decree upon the pleadings and testimony noted by

the register, and, being difficult, was taken under advisement, for decree in vacation; and on consideration, it appearing to the satisfaction of the court that the complainants are entitled to the relief by them prayed, it is therefore ordered, adjudged, and decreed by the court, that the lands described in complainants' bill, and in the deed of trust therein mentioned and offered as evidence in this case, be, and the same are hereby, condemned and decreed by the court to be sold for the satisfaction of the debt due complainants Street and Jordan, the amount thereof to be ascertained as hereinafter directed. It is further ordered, that so much as remains of the amount that may arise from the sale of said lands as were sold by the sheriff and purchased by said Sarah Nickles, after the satisfaction of the amount due on said deed of trust, with the costs of this suit, be paid over to the said Sarah A. Nickles. It is further ordered, that the cross-bill of said H. L. Miller be, and the same is hereby dismissed, and that said Miller pay the costs thereof, to be taxed by the register, for which let execution issue. It is further ordered, that the register ascertain how much was paid by the said Street and Jordan for the said Miller, and when paid, and calculate the interest on the said sums so paid, from the time the same was paid, to the first day of the next term of this court. The register will also state an account of the trusteeship of the said Cochran, charging him, as such trustee, with the rents received by him for lands taken possession of by him as such trustee, for each year, including this year, and allowing him credit for all permanent improvements by him made, and all taxes by him paid each year. The register will also ascertain a suitable compensation to be paid to the said Cochran, for his services as such trustee. Before executing this reference, the register will give notice to the parties, or their solicitors of record, of the time and place of executing the same, and is authorized to use as evidence all affidavits, depositions or documents, that have been made, taken or filed in the cause; together with such other evidence as may be offered by any of the parties. He will make a note of all the evidence by him used on said reference, with all objections and exceptions thereto, and report the same, with his proceedings hereunder, to the next term of this court. All other questions are reserved until the coming in of said report."

The register stated the accounts under this order, and made his report to the next ensuing October term, 1880; exceptions to the report being filed by Nickles and wife, who also filed their petition asking a modification of "the decree of reference." The chancellor overruled the exceptions, and confirmed the report, "except so much thereof as refers to the rents of said lands; and said cause being further considered," as the

[Cochran et al. v. Miller et al.]

decree then proceeds, "it is ordered, adjudged, and decreed by the court, that the former decree of reference be modified and changed, as follows : The register will ascertain and report how many acres of the land bought by Mrs. Nickles, at the sale made by the sheriff, were capable of and fit for cultivation, for each of the years 1877, 1878, 1879, and 1880. (2.) He will ascertain how much is the yearly rental value of said lands per acre, for each of said years, 1877, 1878, 1879, and 1880. (3.) He will ascertain how much was paid out for each of said years, 1877 to 1880 inclusive, by said Cochran as trustee, for necessary repairs, permanent improvements, clearing of lands, and taxes paid. (4.) He will deduct from each year's rent the amount paid out by said Cochran, for said repairs, improvements, clearing and taxes, for each year, and calculate interest thereon to the first day of the next term of the court." At the same term, by consent of parties, the trustee was ordered to rent out all the lands publicly.

At the July term, 1881, the register reported an account of the rents as stated by him, and exceptions to his report were filed by Nickles and wife, who also moved to charge the trustee, in addition to the amounts charged by the register, with the reasonable rents of the lands claimed as exempt by Miller; and the cause was continued, as to these matters, until the next term. At the July term, 1882, the cause was submitted for final decree, on all the pleadings and proof; the register's note of the submission stating, that the cause was submitted, on the part of Nickles and wife, on their answers and demurrers to the original bill, their cross-bill, motion to charge the trustee with rents, evidence adduced by them, and objections filed to interrogatories; and on the part of the complainants, on "(1st) record of submission at April term, 1880; (2d) decree of August, 1880; (3d) petition of Nickles and wife, dated October 11th, 1880 ; (4th) decretal orders on said petition, dated October 12th, 1880; (5th) register's report of July 21st, 1881, with testimony of Miller and Cochran; (6th) reports of Cochran, trustee, dated July 21 and 22, 1882; and if the decree of August, 1880, is not held final, and the cause is considered on its original merits, then complainants offer the pleadings and proof noted in submission at April term, 1880."

Under this submission, at the ensuing January term, 1883, the following decree was rendered in the cause by Chancellor N. S. GRAHAM: "Now, on consideration, it is ordered and decreed, that the exceptions to the register's report read and filed in January, 1881, be, and they are hereby overruled ; but the said report must stand over until the coming in of further reports, as hereinafter ordered. It is further ordered and decreed, that the demurrers of Nickles and wife, filed with

[Cochran et al. v. Miller et al.]

their answer to the original bill, numbered 6, 7, and 9, be and are sustained; but each and all of their other demurrers are overruled. It is further ordered and decreed, that it be and is hereby referred to the register, to ascertain and report, as soon as practicable, the reasonable value of the rents of all the lands conveyed by Miller to Cochran as trustee, &c., as follows: 1st, of all that portion of said land bought by Mrs. Sarah Nickles at the sheriff's sale on the 24th August, 1876; 2d, all the balance of said lands not sold by the sheriff, viz., the 160 acres claimed by Miller as homestead exemption; 3d, the rental value of the residence, or home house occupied by said Miller, on said 160 acres; each separately, and each for the year 1877, and every year since, up to and including the date of said report; and credit each year's rent with the taxes paid on account of said lands and house, reasonable expense of repairs and improvements, and charge interest on the net balance of each year, to the date of said report; and in the general result add all together, and show the aggregate balance on account of all of said rents; and let this account be in form of debtor and creditor, charging said Cochran with all of said rents, or their value, whether collected or received by him or not, and crediting him, as above ordered, with the taxes, repairs, and charges for improvements, each year separately; it being adjudged and held, for reasons herewith filed, that the said Miller is not entitled to any homestead as against any of the parties to this suit, and that when the said Cochran took possession of all of said lands as said trustee, as alleged in the original bill, it must be regarded and held that he did so in the interest of all the parties interested in said estate, whether beneficiaries under said deed of trust, or purchaser of the equity of redemption; and he is therefore chargeable with all the rents, or the value thereof, that he has or might have collected, from and including the year 1877, to date of said report. In executing any order of reference in this case, the register will give the parties reasonable notice," &c. "It is further ordered and decreed, that the register turn over to said Cochran, without delay, all notes, accounts or obligations for rents taken by Cochran, as trustee, to the end that he may proceed to collect the same, if he sees fit to do so; and that he, as such trustee, pay the same, or the proceeds thereof, to the said Street and Jordan, the beneficiaries of said deed of trust, or their solicitors of record; it being held by the court, that they (or the said trustee) are entitled to the rent, and that Mrs. Nickles is entitled to the benefit of all such credits, as the purchaser of the equity of redemption. But this order is upon the faith and confidence of the court, that the pleadings in the case shall be amended as indicated in the opinion herewith filed, as soon as the parties may have an

[Cochran et al. v. Miller et al.]

opportunity to do so, and as they may be advised. It is further ordered and decreed, that the consideration of the original bill, and of the cross-bill of Nickles and wife, be postponed for the present, to the end that the respective complainants therein may have an opportunity to amend their respective bills, as provided by the rules of this court, if they desire to do so."

The appeal was sued out by the complainants in the original bill, on the 1st February, 1883, and the following assignments of error were made: "1. The court erred in its decree of date January 19, 1883. 2. The court erred in its said decree, in disregarding as final the decree of August, 1880. 3. The court erred in its said decree, in disregarding the order of reference of October, 1880, as *res adjudicata* and conclusive. 4. The court erred in its said decree, in sustaining the demurrer of Nickles and wife. 5. The court erred in its said decree, in re-modifying the modified order of reference of November 12th, 1880."

CABANISS & WARD, for appellants.—1. The decree of August, 1880, was a final decree.—*Bank of Mobile v. Hall*, 6 Ala. 141; *Jones v. Wilson*, 54 Ala. 54; *Wyatt v. Garlington*, 56 Ala. 576. So far as this decree was final, the court had no power to modify or change it at a subsequent term. 2. The decretal order of October, 1880, was *res adjudicata* and conclusive as to the modification of the order of reference. The court was asked to modify the order, so as to charge the trustee with reasonable rents for the entire tract of land; and did so modify the order as to charge him with reasonable rents for the 560 acres, but only with the rents actually received for the 160 acres. This was the equivalent of overruling a motion for a new trial, and is *res adjudicata* after the expiration of the term. But for Rule 83, the court could not have made the modification of said order of reference. Is not the operation of said rule confined to orders "preparatory of a cause" for final decree, not extending to orders embraced in or following the final decree? 3. The modified order of October, 1880, was correct in holding the trustee chargeable only with the rents actually received from the 160 acres of land, the possession of which was reserved to Miller by the deed until a sale was required. 4. In sustaining the 6th, 7th, and 9th demurrers to the bill, the chancellor not only exceeded his power, by changing the former final decree, but ruled erroneously on the principle of law involved.—Brandt on Suretyship, 274, § 193, citing 15 Ohio, 253; 7 Fla. 284; 12 Md. 78; 2 La. Ann. 469.

PARSONS & PARSONS, *contra.*—The decree of August, 1880, is not a final decree, under the authorities cited for appellant.

[Cochran et al. v. Miller et al.]

It does not dispose of the demurrer of Nickles and wife, nor of their cross-bill.—*Broughton v. Wimberly*, 65 Ala. 549. If that decree be final, the decree from which this appeal was taken does not interfere with it, but simply goes further, and holds the trustee accountable for reasonable rents of all the lands, with a view to having them accounted for in settlement of Henry's judgment.

STONE, J.—Henry L. Miller's liability to Mrs. Nickles rests on an administration bond, executed in 1859. It follows, that his right to homestead exemption must be governed by the law as it then stood, and not by the constitution of 1868, nor by the statutes enacted afterwards.—*Watts v. Burnett*, 56 Ala. 340; *Blum v. Carter*, 63 Ala. 235. As against the claim of Mrs. Nickles, neither the constitution of 1868, nor any later enactment, can exert any influence.

The homestead exemptions of force in 1859 were expressly reserved for the use of the family.—Rev. Code, § 2880; Code of 1876, § 2844. Mr. Miller was never the head of a family; never had a family, under the uniform rulings of this court. He had never married, and there was no inmate of his house dependent on him for support. Hired laborers, or servants, do not constitute a family within our statutes. Mr. Miller's homestead was not exempt from either claim it is sought to be made subject to.—1 Brick. Dig. 906, §§ 228 to 231; *Wilson v. Brown*, 58 Ala. 62; Thompson on Homestead, §§ 46, 47.

In all the rulings in this cause, it has been uniformly held, that the mortgage claim of Cochran, trustee, Street and Jordan, beneficiaries, is paramount, and is entitled to be first paid; while the claim of Mrs. Nickles comes in next, for the *residuum*. In this, we fully concur with the chancellors who rendered the decrees; and upon this subject we will not farther comment.

The real subject for our consideration—the one which is made the subject of the assignments of error—is the last decree in the cause; the one bearing date January 19th, 1883. For appellant it is contended, that the decree of August 27th, 1880, taken in connection with the decretal order giving directions to the register, bearing date October 12th, 1880, is a final decree, settling the equities of the case; and that therefore the decree of January 19th, 1883, was unauthorized, and should be reversed. If the decree of August, 1880, was and is final, then the decree of January, 1883, must be disregarded, so far as it assumes to vary the relief of the first decree.—*Ex parte Cresswell*, 60 Ala. 378.

The mortgage, or trust-deed, under which appellants claim, was executed and properly recorded in the early part of the

year 1875. The decree in favor of Mrs. Nickles, under which she claims, was rendered in another county, and was not a lien on the lands when the mortgage was executed. One Henry had recovered a judgment against Miller on a money demand, from which the later prosecuted an appeal to this court, giving a *supersedeas* bond, with Street and Jordan as his sureties. To indemnify his said sureties against loss, he executed the trust-deed, conveying to Cochran, as trustee, the tract of land on which he resided, containing about seven hundred and twenty acres; reciting that it was "for the purpose of saving harmless and indemnifying his said sureties." The deed contains the following, among other provisions: "That the said Henry L. Miller shall be allowed to retain the use and possession of said land, until a sale of the same, or any part thereof, becomes necessary to protect and indemnify from loss his said sureties. If said judgment should be affirmed on said appeal, and the sum is not paid and satisfied by the said Henry L. Miller, or some one for him, then the said Thomas J. Cochran, as trustee, . . shall have, and is hereby invested with, full power and authority to take possession of said land, or any part thereof, and sell the same for cash to the highest bidder," &c. The deed further provides, that out of the proceeds of sale, the trustee shall pay, "first, the costs and expenses of this deed and such sale; second, the amount of such judgment and the costs thereof."

While the appeal was pending in this court, Mrs. Nickles had the seven hundred and twenty acres of land levied on, under execution issued on her said decree. Miller claimed homestead of 160 of the 720 acres, and the sheriff proceeded to sell under her execution the remaining 560 acres; and she became the purchaser, receiving the sheriff's deed therefor. The judgment of *Henry v. Miller*, from which the appeal was prosecuted, was affirmed in this court, and a judgment rendered against him and his sureties, Street and Jordan. The present bill was filed, after the affirmance in this court, to have the claim of Street and Jordan, sureties of Miller, declared a first lien on the property; to have the mortgage foreclosed, and the proceeds of the property applied to the extinguishment of Henry's judgment. It sets forth, among other things, that the debt to Henry had never been paid, and contains the following averments: "That about the beginning of the present year, 1877, the said Henry L. Miller, reserving to himself the possession of about one hundred and sixty acres of said land [describing it], which he desires to retain as a homestead exemption, placed the other portion of said lands in the possession of said Jordan, with authority to rent out the same, and apply the rents thereof towards the satisfaction of said judg-

[Cochran et al. v. Miller et al.]

ment in favor of said Henry. . . . That complainant
Jordan, recognizing the right of said Cochran, as trustee as
aforesaid, to the possession of said lands, has surrendered the
same to him," &c. According to this averment, as we under-
stand it, Miller surrendered to Jordan only five hundred and
sixty of the seven hundred and twenty acres of land, retaining
the other one hundred and sixty under claim of homestead;
and Jordan turned over to Cochran, the trustee, only the five
hundred and sixty acres he had received from Miller. In the
succeeding sentence of the bill is this language: "And the
said Cochran, as trustee as aforesaid, has also, under and pur-
suant to said deed of trust, taken quiet and peaceable possession
of the aforesaid one hundred and sixty acres of land, which,
for convenience of description, is hereinafter called the
Exemption Tract, with a view to their being subjected to sale
for the protection of complainants, Street and Jordan, in the
manner authorized by said deed of trust." Construing these
averments together, they amount to a statement, that Cochran,
as trustee, took possession of the entire tract, seven hundred
and twenty acres, for the purposes of the trust. This question
will become important hereafter.

The defendants, Nickles. and wife, in the interest of the
latter, filed answers to said bill, and also a cross-bill. They
also specified grounds of demurrer to the original bill. Their
defense had several objects: To have the trust-deed to Coch-
ran, trustee, set aside as fraudulent; and, failing in this, to
marshal the securities, and have the one hundred and sixty
acres, claimed as homestead, first sold for the benefit of Street
and Jordan, before resorting to the lands purchased by Mrs.
Nickles, and to have the residuum applied to the extinguish-
ment of Mrs. Nickles' claim, on the theory that she, having
acquired the equity of redemption by her purchase, was entitled
to it. And in this connection, Mrs. Nickles sought to charge
Cochran, and through him the beneficiaries, Street and Jordan,
with rents of the entire tract of land, from the time the orig-
inal bill avers Cochran took possession of it. Miller, in
answering the cross-bill of Mrs. Nickles, sought to make his
answer a cross-bill to it. There was testimony taken in the
cause, as we learn from the note of the testimony, and from
the decree of the chancellor; but it is not found in the record
before us. We suppose it was omitted by consent, as not
deemed necessary to the questions raised.

The cause, with the cross-bills, the demurrers and the testi-
mony, was submitted for decree; and in August, 1880, the
chancellor rendered his decree. He decreed the entire tract
of 720 acres of land to be sold for the satisfaction of com-
plainants' demands, the amount to be ascertained afterwards.

He next decreed, that so much of the proceeds of the 560 acres, bought by Mrs. Nickles, as remained after satisfying the demand secured by the trust-deed, costs, &c., be paid to Mrs. Nickles. He then dismissed Miller's cross-bill to Mrs. Nickles' cross-bill, at his costs. The decree ordered a reference to the register, to report to the next term of the court; and directed him to state an account of Cochran's trusteeship, and to charge him, as such trustee, "with the rents by him received for lands by him taken possession of as such trustee, for each year including this year," and allowing him certain credits; and to report suitable allowance to Cochran as trustee.

A petition was then filed by Mrs. Nickles, asking a modification of the directions to the register, so as to direct him "to ascertain what was the reasonable value of the rent of all said lands, from and including the year 1877, down to, and including the year 1880, and to charge said trustee with that amount," with certain allowances as credits. This petition was filed in connection with certain exceptions filed by Mrs. Nickles to the register's report, made under the decree of August, 1880. In October, 1880, the chancellor decreed on said exceptions, and on said petitions; overruled the exceptions, and confirmed the report in all respects, "with the exception of so much of the report as refers to the rents of the land in said bill described." As to the rents he decreed as follows: "The register will ascertain and report how many acres of the land bought by Mrs. Nickles at the sale made by the sheriff were capable of, and fit for cultivation, for each of the years, 1877, 1878, 1879, 1880." He then directed that the register ascertain the yearly rental value of said lands for each of said years, and ascertain the necessary expenses incurred by the trustee during each of said years in improvements, repairs, and the payment of taxes; and to report at the next term. Under this amended order of reference, the register made his report to the July term, 1881, which was then filed, and a motion made by complainants to have it confirmed. This motion was continued, with leave to Nickles and wife to file exceptions thereto, and with leave to bring the motion to confirm, and the exceptions thereto, before the chancellor at chambers. At the July term, 1882, Nickles and wife moved the court for leave to file exceptions to said report, and for an order charging the trustee with the rental value of the homestead, from 1877 to 1881, inclusive; and they filed their exceptions, nine in number, with their said motion.

At said July term, 1882, Nickles and wife again submitted said cause for decree, on pleadings and evidence. The complainants, Cochran and others, in bar of a further hearing, except on the register's report, submitted, and relied on as final, the decrees of August and October, 1880, and contended that

the chancellor could not review nor reconsider the questions ruled on in those decrees. The chancellor, having taken the case under advisement, rendered his decree at the January term, 1883. In that decree, he considered the sufficiency of the original bill, and sustained some of the grounds of the demurrer filed thereto. The effect of his ruling was, that the original bill, to be sufficient, must be amended, in the matter pointed out by him. He also detected errors, or irregularities, in the matter of putting the original bill at issue. He left the case open for the needed amendments, but declared that the complainants in the original bill had the first and paramount lien. He ruled that Miller, the common debtor, was entitled to no homestead exemption, and that the complainants, having charged in their bill that Cochran, the trustee, had taken possession of the entire tract of land, would not be allowed to disprove their own averment, by showing that he did not, in fact, take possession of the one hundred and sixty acres, claimed by Miller as homestead. He further declared, that the register, in stating the account with Cochran, trustee, would charge him with the rental value of all the lands, including that claimed as homestead, and the home-house, from and including the year 1877, until the coming in of the report, with interest on each year's valuation, and certain credits, not necessary to be here mentioned. From this decree the present appeal is prosecuted by the complainants ; and, as we have said, the main question argued before us, renders it necessary for us to determine whether the decree of August, 1880, was final, in that sense which would authorize an appeal therefrom.

It was declared in this court, at an early day, and has ever since been followed, that a decree is final, when it ascertains all the right of the parties in litigation, although there may be a reference to the register, to ascertain facts necessary for an account, and to state the account between the parties. *Weatherford v. James*, 2 Ala. 170 ; *Bank of Mobile v. Hall*, 6 Ala. 141 ; *Ansley v. Robinson*, 16 Ala. 793 ; *Jones v. Wilson*, 54 Ala. 50 ; *Broughton v. Wimberly*, 55 Ala. 549 ; *Wyatt v. Garlington*, 56 Ala. 576 ; *Hastie v. Aiken*, 67 Ala. 313 ; *Smith v. Coleman*, 59 Ala. 260.

It is objected that the decree of August, 1880, was not final, because it did not dispose of the demurrers to the original bill. True, they are not mentioned in the decree; but there is a decree, granting relief to complainants. Such decree could not be rendered, without overruling the demurrer in effect. *Wyatt v. Garlington*, 56 Ala. 576. See, also, *Walker v. Cuthbert*, 10 Ala. 213 ; *Eastland v. Sparks*, 22 Ala. 607.

It is further objected against the finality of the decree, that the chancellor failed to rule on the prayer of the cross-bill of

Mrs. Nickles. This is answered by the record itself. The decree granted relief to her, which she could only obtain under her cross-bill.

In the decree of January, 1883, the chancellor comments on certain irregularities in the preparation of the cause, such as the failure to put the original cause at issue as against the defendants Miller and Henry. We find decrees *pro confesso* were properly taken against them. But, if this had not been done, it is difficult to conceive how it could affect any of the parties really interested in this controversy. All the parties interested in the controversy raised on this record, are the complainants and Nickles and wife. Probably, if an appeal had been taken in time from the decree of August, 1880, on proper assignment of error that the cause had not been put at issue against a material party, and sustained by the record, the decree would have been reversed. But we do not understand this to be the rule, except in favor of persons not *sui juris*, when a final decree has been rendered, and acquiesced in until after appeal is barred, if all the parties really affected by the decree have had their day in court.—*Craft v. Russell*, 67 Ala. 9; *Brewer v. Browne*, 68 Ala. 215; *Cresswell v. Jones*, 68 Ala. 420; *McCall v. McCurdy*, 69 Ala. 65. Mere irregularities do not render the decree void.

The chancellor, in his decretal order of January, 1883, comments on the failure of the original bill to aver that Street and Jordan had paid the debt to Henry, for which they were the sureties of Miller. This was not necessary to the equity of the bill as framed. Their liability having become fixed by the affirmance of the judgment in this court, they were authorized to have the trust-deed executed, or foreclosed, and the proceeds of the property applied to the payment of the debt to Henry. Brandt on Suretyship, § 193, and note 3. If it be objected that, pending the litigation, Street and Jordan paid Henry his claim, and thereby became entitled to the proceeds of the mortgaged property, instead of Henry, to whom the bill prayed its payment, this, at most, presented a question of supplemental matter, which, under our statute, could and should have been brought in by amendment of the bill. Its failure did not render the decree void, but was at most an irregularity, which can not affect the validity of a final decree, from which the right of appeal is barred.

Recurring to the decree of August, 1880, we hold it settled the equities between these parties, and was so far final that it would have supported an appeal to this court. "The test of the finality of a decree, which our decisions have prescribed, is not whether the cause is still in progress in the Court of Chancery, awaiting further proceedings, which may be necessary to

[Cochran et al. v. Miller et al.]

entitle the parties to the full possession and enjoyment of the rights it has been declared they have; but, whether a decree has been rendered settling those rights."—*Jones v. Wilson*, 54 Ala. 50; *Broughton v. Wimberly*, 65 Ala. 549; *McLemore v. Nuckols*, 37 Ala. 662. But a decree may be partly final, and partly interlocutory.—*Malone v. Marriott*, 64 Ala. 662. If it settle all the equities between the parties, it is, to that extent, final. If it is necessary to take an account, or other proceedings must be had to carry it into effect, to this last-named extent it is interlocutory, and may be moulded, modified or altered by the chancellor, as any other interlocutory decree may be. The principles of relief can not be altered, for they are final. Directions for carrying the decree into effect may be modified, for they are interlocutory.

Applying these principles to this case, the chancellor had no authority to consider the demurrers, nor the sufficiency of the bills. They had passed into a final decree. And this court can not consider them, because the decree pronounced upon them was barred, before the present appeal was taken. The giving of directions to the register, in the matter of carrying the decree into effect, presents a different question. As to these, the decretal orders of August and October were interlocutory. These the chancellor had authority to modify at any time before final decree on the account. In this aspect of the decretal order of January, 1883, we find nothing to object to. As we have shown, the original bill avers that Cochran, as trustee, took possession of the entire seven hundred and twenty acres of land, for the purposes of the trust. This estops complainants from disproving it, and renders the trustee liable for the rent of the whole tract. Complainants have a rightful, paramount claim on the whole tract, for their indemnity against the debt to Henry. Mrs. Nickles has a secondary claim on five hundred and sixty acres of the land, subordinate to that of complainants. This presents the conditions which call for a marshalling of securities.—1 Wait's Act. & Def. 353. What is claimed as the homestead exemption should be first sold and exhausted under complainant's mortgage, before resorting to the five hundred and sixty acres purchased by Mrs. Nickles.

Under our chancery system, there may be two final decrees in one and the same cause, and there may be, and frequently are, two appeals therefrom. In foreclosure and kindred suits, when a decree is rendered, settling the equities, this is final, so as to authorize an appeal, although a reference is ordered to take and state an account, preparatory to the execution of the decree; and after the reference is held, reported upon, and the chancellor decrees thereon, then a second final decree is rendered, from which appeal may be prosecuted. On such second-

[Humes v. O'Bryan & Washington.]

ary appeal, questions may be raised, growing out of instructions to the register, the introduction of testimony before him, and exceptions filed to his report. But, to authorize an appeal in this second phase of the case, the decree on the matters referred must be final. We have no statute authorizing an appeal from interlocutory proceedings of this class. The decree of January, 1883, is not final, either in substance or form. It simply declares rules for the after government of the register, which, so far as this record discloses, have never been acted on. This is not a final decree. If the object of the present appeal is to get rid of so much of the decree of January, 1883, as goes behind the final decree of August, 1880, appeal, at this stage of the proceedings, is not the remedy.—*Ex parte Cresswell*, 60 Ala. 378.

Appeal dismissed.