[Marshall, Davis & Co. v. McPhillips.]

# Marshall, Davis & Co. *v.* McPhillips.

*Motion to Dismiss Appeal.*

1. *When decree is final; when appeal lies.*—Under a bill filed by creditors, asking the settlement of a deed of assignment for their benefit, the court having taken jurisdiction of the trust, and ordered a reference to the register to ascertain and report who were creditors, the amount of their debts, &c., directing him to make publication, and declaring all claims barred which were not presented within the time specified; a decree rendered at the next term, on pleadings and proof, after the confirmation of the register's report, declaring those whose claims were allowed to be the only creditors, allowing their claims for the amounts respectively specified, and directing the trustee to make ratable distribution among them, to report his action from time to time to the court, and to remain under its protection and direction in the execution of the trust and the decree, is a final decree, from which an appeal will lie.

2. *Petition; when proper, and what relief may be had under.*—After the rendition of a final decree, and the adjournment of the term at which it was rendered, a petition can not be entertained asking relief which varies its terms, or which is inconsistent with the principles settled by it; though matters relating to the taking of the account, or otherwise pertaining to the execution of the decree, are properly presented by petition.

3. *When appeal lies.*—An appeal does not lie from the chancellor's ruling sustaining a demurrer to a petition, asking relief inconsistent with a final decree rendered at a former term, although an appeal may not be barred from that final decree.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. JOHN. A. FOSTER.

L. H. FAITH, for the appellant.

HANNIS TAYLOR, *contra.*

STONE, C. J.—The Danner Land and Lumber Company, a private corporation, made an assignment of its property and effects to Strong as trustee, or assignee, for the benefit of all its creditors. McPhillips, one of the creditors, filed the bill in this cause, " in behalf of himself and all other creditors of said corporation, who may see fit to make themselves parties hereto, and contribute · their due proportion to the expense of this suit ;" and the said corporation and Strong, the assignee, were made parties defendant. The object of the bill was to have the trust administered in the Chancery Court. The bill was properly put at issue, and on the 9th day of February, 1885,
10

the court made a decretal order, taking jurisdiction of the trust and its administration. The court further proceeded to make an order of reference in the cause, directing the register to make publication in a certain manner, and to receive proof of claims against the trust property, until May 1, 1885. The order further 'declared, that " any creditor, failing to present and file his claim within the period herein limited, shall be deemed to have waived his right to share in the further distribution of said assets in said trustee's hands, or payment of his said claim out of the sum, save only " creditors having special liens. From May 1st, to June 1st, was allowed for contesting claims ; " and no objections shall be considered by the register, which are not filed on or before the said first day of June." The register was then required to make his report of claims filed and proven, to the next term of the court.

The register proceeded according to the directions of this order, and at the next term made his report of claims proven before him, amounting to near sixty-two thousand dollars. That report was read in open court June 25, 1885, and, no exceptions being filed, it was confirmed July 6, 1885. Among the creditors whose claims were thus reported and allowed were the Stonewall Insurance Company, Marshall, Davis & Co. and Hannon & Michael.

On the 7th day of July, 1885, the said cause was submitted for decree, and the decree was rendered on the 9th of the same month. The decree declares, " this cause being submitted by the parties thereto on this day for further decree, and coming on to be heard on the pleadings and the decrees heretofore entered in the cause, and on the report of the master upon claims, and the decree confirming the same, and on the motion of the assignee, Joseph C. Strong, for a final decree ascertaining and determining who are the creditors of the Danner Land and Lumber Company, entitled to share in the distribution of the assets of said company in said assignee's hands : Upon consideration, it is ordered, adjudged and decreed, that the persons, firms and corporations reported by the register in his report heretofore read and confirmed in this cause, and none others, are the creditors of said Danner Land and Lumber Company, and entitled to share in the distribution of the estate of said Danner Land and Lumber Company in said assignee Strong's hands, under said deed of assignment ; and their claims and demands are in the amounts in and by said report set forth, and none others." The decree then gave certain directions, not bearing on the question of its finality, and concluded as follows : " and it is further adjudged and decreed, that said assignee, Strong, shall, in making distribution under said trust deed, pay ratably to all said creditors as the same are

[Marshall, Davis & Co. v. McPhillips.]

herein ascertained, and upon their claims as the same are herein determined; and he shall, from time to time, make report of his doings, and file accounts in this court, and remain under the protection and direction of this court in executing his said trust, and carrying out this decree." This decree was rendered in term time.

· There can be no question that this decree of July 9, 1885, was final. It settled and determined all the equities raised by the record, and left nothing to be done, save the execution of the decree, and a decree for the costs. An appeal to this court would have lain from that decree as a final decree.—*Bank of Mobile v. Hall*, 6 Ala. 141; *Jones v. Wilson*, 54 Ala. 50; *Hastie v. Aiken*, 67 Ala. 313; *Cochran v. Miller*, 74 Ala. 50, 61; *May v. Green*, 75 Ala. 162; *Adams v. Sayre*, 76 Ala. 509; *Gresham v. Ware*, at present term.

Long after the adjournment of the term at which the foregoing decree was rendered—namely, October 19, 1885—the Stonewall Insurance Company, Marshall, Davis & Co., and Hannon & Michael filed their petition in this cause, and prayed to be let in to file and prove larger claims against the trust, than they had filed and had allowed under the decree of reference, the report on which had been confirmed without exceptions, and was made the basis of the decree of July 9, 1885. There was a demurrer to this petition, which the chancellor sustained; and from that decree the present appeal is prosecuted. The ruling on that demurrer is the sole error assigned in this court.

The petition in this case came too late. After final decree and the adjournment of the term, no relief can be obtained in the court rendering the decree, either on petition or motion, which varies the terms or principles settled by the decree. *Pettus v. McClannahan*, 52 Ala. 55; *Ex parte Cresswell*, 60 Ala. 378; *Cochran v. Miller*, 74 Ala. 50. This rule, however, extends only to the principles settled—what may be styled the equity of the bill. It does not apply to mere matters of taking the account, until after the same has been taken and decreed on, nor to matters which simply pertain to the execution of the decree.—*Cochran v. Miller, supra*. The relief prayed for, if obtainable as matter of right in any form, can not be obtained on petition. That form of remedy lies only in causes pending, and in reference to matters which have not passed beyond the power of the chancellor to review them. 2 Dan. Chan. Pr. *1603, *et seq.;* Adams' Eq. *348, *et seq.*

The ruling on the petition, although final as to the matter therein presented, was not a final decree in the cause from which an appeal would lie.—*Randle v. Boyd*, 73 Ala. 282. And if this be the only decree in the cause, it would seem to

[Farley, Spear & Co. v. Moog.]

be our duty to dismiss the appeal.—*Cochran v. Miller, supra.* There is, however, a final decree, as we have shown above, and the right of appeal from that decree is not yet barred.   That final decree has not been appealed from.   The present appeal is, in express terms, taken from the ruling of the chancellor on the petition filed by the Stonewall Insurance Company and others, and the assignments of error question only the correctness of that ruling.

The appeal must be dismissed.